## VAN HORN v. STATE.

RECORD — BILL OF EXCEPTIONS — EVIDENCE — OFFER OF PROOF—
CRIMINAL LAW — REMOVING IMPROVEMENTS FROM MINING
CLAIM—CONTINUANCE.

1.  Loose sheets purporting to contain the instructions given
    to the jury, marked as an exhibit, accompanying the rec-
    ord, but not referred to or identified in the bill of excep-
    tions, cannot be considered as part of the bill.

2.  Alleged instructions are not a part of the record which
    do not appear in the bill of exceptions elsewhere than in
    and as a part of the motion for new trial.

3.  Omissions from a bill of exceptions cannot be supplied, in
    the appellate court, by affidavits of counsel or others,
    against the objection of the opposite party.

4.  An information is to be governed in its allegations by the
    statutory rules relating to indictments. (L. 1890-91, Chap.
    59, Sec. 10.)

5.  In a prosecution for unlawfully removing from a mining
    claim a certain building, the information alleging owner-
    ship in two co-partners, and the evidence disclosing that
    others not named in the information were joint owners
    with those named, neither the allegation or proof is de-
    fective as to ownership. (R. S., Sec. 3251.)

6.  Defendant offered in evidence a deed covering the land
    embraced in the mining claim from which the building
    was removed, purporting to have been executed by and
    to persons, other than the present alleged owners, and de-
    fendant, but no offer was made to connect the deed in
    order to show title in the grantee therein named, or to con-
    nect defendant with him. Held, that the exclusion of the
    deed from the evidence was not error.

7.  In the absence of any offer to show the materiality of
    testimony which is offered by defendant concerning the
    condition of the ground adjacent to the mining claim, the
    exclusion of such testimony will not be held error.

8.  The object of the statute (L. 1888, Chap. 40, Sec. 10) is to
    prevent the wanton destruction of property on a mining
    claim as well as on mineral lands, in order to prevent the
    lawless acts of parties claiming the land or others.

9.  The mining claim (in this case an oil placer claim) from which the building was removed, having been located in good faith, the fact that mineral does not exist upon such claim is no defense to the unlawful act.

10.  In a prosecution under the statute aforesaid (L. 1888, Chap. 40, Sec. 10) it is unnecessary to show that the mining claim upon which the trespass has been committed is one that would be upheld in a contest therefor.

11.  The fact that counsel for defendant is absent attending court in an adjoining county is no ground for continuance.

[Information filed in District Court October 24, 1893. Decided July 1, 1895.]

ERROR to District Court for Natrona County. HON. JOHN W. BLAKE, Judge.

T. C. Van Horn was informed against under Section 10, ch. 40, L. 1888, for unlawfully cutting down, leveling, demolishing, destroying, injuring and removing a certain building erected upon a certain oil placer mining claim, the property of W. Tennant and Boney Earnest. He was convicted, and sentenced to pay a fine of three hundred dollars. A motion for new trial, incorporated in the bill of exceptions, was filed. Several of the grounds assigned for new trial were the giving of certain instructions which were set out in full in the motion. Such instructions did not appear elsewhere in the bill. Some loose sheets of typewritten paper were attached to the front of the record by a pin. They were entitled "Instructions of the Court," and marked "Exhibit A." In the appellate court a motion was made by plaintiff in error for leave to attach the papers, containing the instructions, in the place where, it was claimed, they were originally inserted in the bill of exceptions. The certificate of the judge to the bill was that "the foregoing bill of exceptions, including exhibits A, B, C, G, E, F, and H, include all the evidence offered or given by either party on the trial of said cause, together with the rulings of the court thereon and the exceptions of the counsel thereto, and also a copy of the motion for a con-

tinuance, and the motion for a new trial; with the rulings of the court thereon and the exceptions of the counsel thereto." Exhibit "A" in the bill was the motion for continuance. The motion to make correction in the bill was supported by affidavits which in substance stated that the instructions were in the original bill before it was signed by the judge, but were in the shape of newspaper clippings, and the judge requested that typewritten copies be inserted in the place of such clippings. There was also filed in support of the motion another set of papers certified to by the clerk of the district court, containing the original instructions, given and refused, and the original motion for new trial. To such original motion the entire charge of the court to the jury, taken out of a newspaper, was attached as Exhibit "A." The other material facts are stated in the opinion.

*C. C. Wright,* for plaintiff in error.

The gist of the offense is the character of the land and the ownership thereof. Vacant government land only can be located as mineral land. (Min. Co. v. Smith, 2 Dak., 377; Min. Co. v. Mahler, 4 Mining Rep., 390; Armstrong v. Lower, 6 Colo., 393.) Lands, to be held as mineral, must not only contain minerals, but must be more valuable for minerals than for agriculture. (128 U. S., 673; Min. Co. v. Rowen, 2 L. D., 719; Potter v. Hoffman, 18 Copp's L'd A., 172; Roberts v. Jepsu, 4 L. D., 60; Woodruff v. McGinnis, 10 Copp's L'd A., 88; Creswell v. Johnston, 15 id., 241; Case of Downs, 7 L. D., 462; 40 Cali., 484.) The evidence as to assessment work was incompetent. Possession is a fact, not a conclusion. It is one fact which may go to prove ownership. (2 Rice on Ev., p. 1228, and citations; Greenleaf Ev., sec. 34, & n.) The court should have instructed the jury that, to convict, they must find beyond a reasonable doubt that the lands are mineral lands. It is not sufficient that there may be good reason to believe them so. Only the discoverer of minerals may locate a mining claim. The initial step is discovery. (O'Reilly v. Campbell, 116 U. S., 419; Hansworth v. Butcher, 4 Mont., 307; Upton v. Larkins, 5 id., 600; Erhardt v. Boaro,

113 U. S., 527; Burke v. McDonald (Idaho), 33 Pac., 49; Alford v. Banner, 45 Cal., 482; Merrill v. Dixon, 15 Nev., 401; U. S. v. Reed, 28 Fed., 482; Diffeback v. Hawke, 115 U. S., 392; Cutting v. Riminghaus, 7 L. D., 265; Min. Co. v. Ferguson, 6 id., 218; Savage v. Boynton, 12 id., 612; Perano v. Pendalo, 10 id., 536; Finkham v. McCafferey, 13 id., 517; Com. &c. v. Alexander, 5 id., 126; Hooper v. Ferguson, 2 id., 712; Clegham v. Berry, 4 id., 78; Roberts v. Jepsum, id., 60; Lentz v. Victor, 17 Cal., 482; Davis v. Wibbald, 139 U. S., 507; White v. Lee, 78 Cal. 593; M. Co. v. M. Co., 1 Fed., 522; M. Co. v. M. Co., 11 id., 666; Sullivan v. M. Co., 143 U. S., 431; Shriver v. Copper Bell, 11 Mont., 309; McFesters v. Pierson, 15 Colo., 201; Shafer v. Constrans, 3 Mont., 369; McEvay v. Hyman, 15 Nev., 383; M. Co. v. M. Co., id., 401; Camey v. M. Co., 65 Cal., 40; Newbill v. Thurston, id., 419; Bryan v. McCaig, 10 Colo., 309; Sweet v. Webber 7 id., 443; Cheesman v. Shreeve, 40 Fed., 787.) The rule is the same as to placer mines. (65 Cal., 40; 109 U. S., 440; 104 id., 636.) The evidence fails to show any valid location of the claim. No discovery is shown. The ground was not marked. The amount of work done was not sufficient to hold it.

*Benjamin F. Fowler,* attorney general, for the State.

A continuance on the ground of the absence of evidence will be granted only when proper legal means to obtain have been used. (State v. Norman, 16 Ind., 192; Kuland v. Sedgwick, 17 Cal., 123; Bank v. Bank, 16 Wis., 125; Jeter v. Heard, 12 La. Ann., 3; Trommel v. Pilgrim, 20 Tex., 158; Wheeler v. Stytes, 28 id., 240.) The matter of continuance is addressed to the discretion of the trial court, and will not be reviewed except in case of grave abuse. The evidence clearly proved a sufficient compliance with the laws of the United States to establish a valid oil placer mining claim. A judgment will not be reversed on account of error in the instructions when it is clear that the verdict is right. (Miller v. State, 3 Wyo., 658.) The rule is the same as to the admission of incompetent testimony. (Thomp. on Tr., sec. 707;

Aufdencomp v. Smith, 96 Ind., 328.) The certificate of location is presumptive evidence of discovery. (Chessman v. Hurt, 43 Fed., 98.) Location is valid though no valuable mineral is actually discovered before location. (Gregory v. Parshbaker, 73 Cal., 109.) There are no instructions in the record. (France v. Bank, 3 Wyo., 187; Thomp. on Tr., sec. 2792.) The statute under which the prosecution was had was evidently enacted for the purpose of protecting those who make investments in time and capital in mineral development, and to punish those who resort to forcible methods of asserting opposing claims. If the plaintiff in error had any right to the property, the law furnished him an ample remedy.

GROESBECK, CHIEF JUSTICE.

The plaintiff in error, T. C. Van Horn, was convicted of the offense of unlawfully removing a certain building from an oil placer mining claim situate in the county of Natrona, and was fined in the sum of three hundred dollars and judgment was rendered against him for the costs of the prosecution. The offense is defined by chapter 40, Sess. Laws 1888, section 10, which reads as follows: "Any person who shall unlawfully cut down, break down, level, demolish, destroy, injure, remove, or carry away any sign, notice, post, mark, monument, or fence upon or around any shaft, pit, hole, incline, or tunnel, or any building, structure, machinery, implements on (or) other property, on any mining claim or mineral property, ground or premises, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in a penal sum of money not less than fifty dollars nor more than one thousand dollars, or be imprisoned for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court."

1. A large number of the assigned errors relate to the alleged errors of the trial court in its instructions to the jury, but these we must not consider. Accompanying the record are a number of loose sheets, purporting to be the instructions of the court, marked as "Exhibit A," but they are not referred to or identified in the bill of exceptions, either under

that designation or otherwise. The only exhibit so marked in the bill is a motion for a continuance and the supporting affidavits. In the motion for a new trial, the instructions appear, but this is not sufficient, as it is but the statement of counsel that certain instructions were given or refused, and they are not therein identified by the court or the judge thereof. Nowhere else in the bill is there any reference to the instructions to the jury, although minute reference is made designating and identifying the oral and documentary evidence received in the court below. It is urged by counsel for the plaintiff in error, upon certain affidavits of himself and one of the attorneys for the prosecution that this exhibit purporting to contain the instructions but nowhere incorporated in the record or referred to or identified in the bill of exceptions, contains the instructions of the court to the jury, and were in the original bill when signed by the judge of the trial court in the form of newspaper clippings, and were removed at the suggestion of the judge and typewritten instructions inserted in lieu thereof. But there is nothing in the bill that refers to or identifies these so-called instructions, except the motion for a new trial, to which they were attached as an exhibit, and which is merely the work of counsel for one of the parties and not the judge. The judge must include in the bill of exceptions all matters not a part of the record in order to make them of the record, and neither counsel nor the clerk of the court may do this.

It would be a loose and a dangerous practice to supply omissions in the bill by affidavits of the counsel or others, and the statute does not permit it. What is not made by the statute a part of the record of the trial court, must go in the bill and be identified by the judge of the court, the same as the other records are. We can not suspend the statute or the rule in order to let into the record matters not embodied or referred to there, unless, perhaps, by consent. The counsel for the State object to the motion of defendants to incorporate this matter in the bill, and it must be overruled and the record considered without reference to the so-called instructions.

The information charges that upon a day named, at the county of Natrona, that the defendant did unlawfully cut down, level, demolish, destroy, injure, remove and carry away a certain building erected on a certain oil placer mining claim, describing it the property of W. Tennant and Boney Earnest. The proof is not clear as to the question of ownership. The mining claim consisted of 160 acres and was located by eight locators. Four of these locators transferred their title to Boney Earnest, and the claim seems to have been in him and three other of the original locators, including Tennant, who is mentioned in the information. The court, it is claimed, charged the jury that the prosecution must prove beyond a reasonable doubt that the building destroyed was the property of the persons named in the information, or any one of them, and that the jury must so find or acquit, but we are unable to consider the instructions, as we have already held that they are not a part of the record in this court. Considering the matter of ownership with reference to the information and the evidence, both are sufficient under our statute. "When any offense shall be committed upon or in relation to any property belonging to several partners or owners, the indictment for such offense shall be deemed sufficient, if it allege such property belonged to any one or more of such partners or owners, without naming all of them." Rev. Stat., sec. 3251. Under the statute providing for prosecution by information, ch. 59, Sess. Laws 1890-91, sec. 10, the provisions of the code of criminal procedure and all other provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuance and service thereof, to motions, pleadings, trials and punishments, or the execution of any sentence, and to all other proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent, as near as may be, apply to informations, and all prosecutions thereunder. Since the information is to be governed in its allegations by the statutory rules relating to indictments, the allegation and proof of ownership of the building or of the

mining claim is not defective, although but two members of the copartnership are alleged to be such owners.

3.    The plaintiff in error complains of the exclusion by the trial court of a certain deed from certain parties, E. C. Bartlett and wife, to one Isaac Van Horn, conveying, among other premises, the land embraced within the limits of the mining claim mentioned in the information, from which the building was removed, as oil placer mining ground.

An attempt was made to introduce evidence of another location notice by the defendant, but, upon objection, the offer of the testimony was withdrawn by counsel for defendant, although made to show that the "parties interested in the prosecution of this case" have no title to the land in question, the objection of the counsel for the prosecution being that the date of the location was sixty days subsequent to the date of the location offered in evidence by them.   The attempted introduction of the deed from the Bartletts to Isaac Van Horn followed, but there was no offer made to connect the deed in order to show title in said Isaac Van Horn and to connect defendant with him or to show that the acts of the defendant in removing and destroying the building on the mining claim were done under claim or color of right.   The offer of the deed was "for the purpose of showing that this property in question in the information, together with the cabin that it is alleged to have been torn down, was, prior to the alleged offense, sold and conveyed to one Isaac Van Horn, by one E. C. Bartlett."

In the absence of any attempt or offer to connect the defendant and Isaac C. Van Horn with some claim of right, the court did not err in excluding this deed from the evidence.

4.    Error is predicated in the refusal of the trial court to permit witness for the defendant to testify to the condition of the ground adjacent to the mining claim from which the building was removed, but we do not see what materiality the evidence would have unless to show that there were no indications of oil or other mineral in the vicinity.   In the absence of any offer to show the materiality of such testimony, we can not say that the court erred in excluding this evidence.

5. The main contention of the plaintiff in error is that the so-called placer mining claim was not mineral land, and that no oil was discovered before or after the location on the claim. This is not disputed in the evidence, the only claim being that the location was in the oil belt and in certain formations that indicated the presence of oil.

The trial court seemed to proceed upon the theory that if the location of the oil placer claim was made in good faith and with the intention to explore for oil, that this was sufficient for the purposes of the case. Although the evidence is clearly insufficient to establish the right of the locators or their assigns to title to the land without discovering oil on the premises, or in a contest before the officers of the government land office, yet we think that the testimony shows that the location was made in good faith. It is certainly unnecessary to show in a prosecution like the one at bar that the mining claim upon which the trespass is made was one that would be upheld in a contest therefor. The object of the statute was to prevent the wanton destruction of property on a mining claim, as well as on mineral lands, in order to prevent the lawless acts of parties claiming the land or others. To hold to the rigid rule contended for by counsel for plaintiff in error would be to leave the improvements of miners and prospectors at the mercy of those who, from caprice or malice, would invade their locations, even though imperfectly made, and destroy the fruits of their toil. We can not assent to such a rule, as such a doctrine would transfer to the arena of a criminal prosecution land contests and disputes over the title, and prevent the punishment of wanton despoilers and invite lawlessness. The exploration of the mineral lands of the government should be encouraged, and has been encouraged by national, State and local laws, and the honest efforts of those making mineral locations ought not to be discouraged by inviting the destruction of their property by trespassers who have no claim or color of right to the premises they trespass upon. The Supreme Court of California, in the case of Gregory v. Pershbaker, 73 California, 116, says: "It is insisted by counsel for respondents that no location of mineral

land is valid unless valuable mineral had been actually discovered in the land before the location was made. As to placer claims, we find no such condition in the acts of congress, in the local laws, or practice of miners." Again, the court says: "Of course, a patent for mineral lands can only issue under the acts of congress relating to the disposition of mineral lands, on proof that they are such." As the evidence shows that the oil placer mining claim from which the building was removed was located in good faith, it is no defense to the unlawful act to say that mineral does not exist upon the mining claim. The defendant admitted the removal of the building, and no excuse or justification is attempted to be offered for this unlawful act.

6. The district court did not err in overruling the motion of the plaintiff in error for a continuance. No diligence was shown on the part of the defense, and due diligence must be shown before the continuance can be granted. This is in effect conceded by counsel. The absence of counsel for the defendant in an adjoining county attending court is no ground for continuance. If it were, where terms of court conflict, continuances would be of frequent occurrence.

There are other errors assigned which will not be considered, as they were either not excepted to at the time or were unimportant.

Finding no error in the record properly before us, the judgment of the district court is in all respects affirmed.

CONAWAY and POTTER, JJ., concur.