# BANK OF CHADRON v. ANDERSON.

BILL OF EXCEPTIONS — MOTION FOR NEW TRIAL — IMPEACHMENT OF FOREIGN JUDGMENT FOR FRAUD.

1. Where a bill of exceptions is unintelligible, confused, or conflicting, it will be interpreted against the appellant, and in support of the judgment, as the exceptant is responsible for all deficiencies therein.

2. The rule of court requiring the motion for new trial, the overruling thereof, and exception thereto to appear in the bill of exceptions, merely emphasizes that which follows from the statutory regulations, as the motion is not, by statute, made a part of the record, although the pleadings are; hence the necessity for preservation by bill of exceptions, to give it a place in the record.

3. The exception to the ruling of the court denying the motion for new trial must appear in the bill of exceptions, and no other record can be resorted to to supply it.

4.   It is not permissible in the appellate court to supply omissions in a bill of exceptions by affidavits of counsel. (Van Horn v. State, 5 Wyo., 501, followed.)

5.   A document was indorsed "Bill of Exceptions;" the first four pages thereof embraced a paper entitled "Motion for a New Trial ; " the following page contained the title of the case, the heading, "Bill of Exceptions," and the caption of the bill; the caption did not refer to the motion for new trial, nor was it elsewhere mentioned except in the certificate of the judge, which certificate stated by way of recital that a motion for new trial was overruled, but did not identify any particular motion, nor did it appear by any statement in the certificate or elsewhere in the bill that an exception was reserved to the overruling of the motion. *Held*, that even if the motion was to be considered as incorporated in the bill, the court could not overlook the absence of an exception to the ruling denying the same. *Held further*, that the motion was not properly identified as a part of the bill.

6.   If error is disclosed by the record independently of the bill of exceptions, the proceedings should not be dismissed on the ground that the motion for new trial is not in the bill ; but no errors can be considered or reviewed which should have been presented to the trial court by motion for new trial, if such motion, its overruling, and an exception thereto are not shown by the bill.

7.   An assignment of error that the judgment is not sustained by the findings will be considered, although no motion for new trial is shown to have been made.

8.   A judgment rendered by a county court in the State of Nebraska, although that court had jurisdiction of the person of the defendant and the subject matter of the action, may be impeached for fraud in its procurement when such judgment is sued on in this State.

9.   Where a bank obtained judgment in Nebraska upon certain notes, and brought suit thereon in this State. *Held*, that if the judgment was fraudulently obtained, then every defense which the defendant (the maker of the notes) had as against the bank might properly be shown upon the trial.

10.   The trial court having found that the judgment was fraudulently procured, this court can not consider whether such finding is sustained by the evidence or not, for the reason that, if not, it was a ground for motion for new trial, and what the motion was, and whether the ruling denying the same was excepted to, does not appear.

[Decided June 1, 1898.]

Error to the District Court for Weston County.   Hon. Joseph L. Stotts, Judge.

The case is stated in the opinion.

*Albert W. Crites*, for plaintiff in error.

(In opposition to the motion to dismiss.)   The original motion for a new trial was, in fact, a part of the bill when allowed by the judge, and was, in fact, then annexed to it and examined by the judge, as will appear by the affidavit filed herein.   The code provides that all defects in matters of form in every stage of a litigation shall be disregarded by the court, if it appear that every substantial requirement of the law has been fulfilled. The law is silent regarding the incorporating of the motion in the bill, and it is only required by the force of a rule of court.   The affidavit shows that the rule was, in fact, complied with.   A rule of court may be relaxed in the interest of justice.   (Rubel v. Willey, 5 Wyo., 427.)   The motion can not be sustained because the findings do not sustain the judgment; and this point does not require a motion for new trial to enable the court to examine it.   (Seibel v. Bath, 5 Wyo., 409.)

(On the merits.)   The action was brought on the judgment of the county court of a sister State — Nebraska — the laws of which, Section 428, civil code, declare that " a judgment is the final determination of the rights of the parties in an action."   In Reynolds v. Reynolds, 10 Neb., 574, it was held that the judgment of a county court in a case wherein it had jurisdiction of the parties and of the subject matter, is conclusive of the matter in controversy.   Section 905, R. S. U. S., requires the courts of Wyoming to give this judgment the same faith and credit it would have by law or usage in the courts of Nebraska, and there is in this case no loophole of escape from these provisions.   The first finding of the court below was that the county court of Nebraska had jurisdiction over the defendant, and of

the subject matter of the cause. This finding absolutely barred and concluded all of the other contentions in the cause. The other findings are all of matters going to the merits of the original defense in the cause in the county court of Dawes County. Not one of them finds any fraud in obtaining the judgment. True, the court below says that plaintiff was guilty of fraud in obtaining the judgment, because the notes on which it was based were without consideration, were obtained by fraud, were not indorsed when delivered by the payees to plaintiff, that plaintiff took them with knowledge of the fraud, that plaintiff took judgment for more than it ought to have done, and that it was not in truth and in fact the owner of any valid interest in said notes. Whatever the lower court may have chosen to dub these matters, they are simply and purely defensive matters in the original suit. Any defeated suitor in any conceivable action, might make the same pleas, and call them fraud in procuring the judgment, but it would not be so legally, notwithstanding his vociferations. (Allured v. Voller, 70 N. W., 1037 Mich.; Losey v. Neidig, 71 N. W., 1067 Neb.; Williams v. Gooms, 24 N. E., 156 Ind.; Mc Elmoyle v. Cohen, 13 Peters, 312 U. S.; Mc Kay v. Hinman, 13 Neb., 33; Rogencamp v. Moore, 9 Neb., 105; Balster v. Stocks, 43 Pac., 1099 Wash.; Kiser v. Canfield, 49 Pac., 1064 Wash.; Christmas v. Russell, 5 Wall., 290 U. S.; Thompson v. Whitman, 18 Wall., 457; Maxwell v. Stewart, 21 Wall., 71.)

Chancellor Kent says in substance: Every person is bound to take care of his own rights, and to vindicate them in season, and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant, having the means of defense in his power, neglects to use them, and suffers a recovery to be had against him, he is forever precluded. This general rule is intended to prevent litigation and preserve peace, and were it otherwise, men would never know when they might repose in security on the decisions of courts. In bills of review, it is a set-

tled maxim of equity that no evidence or matter in the knowledge of the party, or which ought to have been in his knowledge, and which he might have used in the former suit, shall be ground for a review. Le Guen v. Gouverneur, 1 Johns. Cas., 436.

Judgment in excess of the amount indorsed on the summons was a mere irregularity, and such excess may be remitted and the judgment affirmed for the residue in a direct proceeding to reverse on that ground. (Mc Kay v. Hinman, 13 Neb., 33; Rogencamp v. Moore, 9 id., 105.) Such judgment is not to be deemed a badge of fraud. (Balster v. Stotts, 43 Pac. (Wash.), 1099; Kiser v. Canfield, 49 Pac. (Wash.), 1066.) The judgment is a record conclusive upon the merits to which full faith and credit must be given. (Mc Elmoyle v. Cohen, 13 Pet., 312; Reynolds v. Reynolds, 10 Neb., 574; Allured v. Voller, 70 N. W. (Mich.), 1037.) The defendant had a remedy in Nebraska by appeal.

*E. E. Lonabaugh*, for defendant in error, contended, on the motion to dismiss, that the rules of the court have the force of statutes; and the motion for new trial not being a part of the record proper, becomes so only by its incorporation in the bill of exceptions. On the merits, counsel relied upon the former decision holding that the judgment might be impeached for fraud, and contended, upon the facts, that it was clearly shown to have been procured by fraud, and that defendant had proven a complete defense to the original cause of action. (This part of the argument is omitted, as the court did not, in its opinion herein, consider the evidence.)

POTTER, CHIEF JUSTICE.

A motion is made to dismiss this cause on the ground that the motion for new trial, the order overruling the same, and the exceptions reserved thereto are not embraced in the bill of exceptions, and that the record, therefore, presents no reviewable error.

The motion and the entire cause were heard together.

In opposition to the motion to dismiss it is suggested that the motion for new trial was attached to the bill of exceptions at the time the same was presented, allowed, and signed, but by inadvertence it was not marked as an exhibit, and an affidavit of counsel for plaintiff in error to that effect is filed. The showing attempted to be made by the affidavit is that the bill with the motion attached is now in the same condition as when presented and allowed. It is further insisted that based upon the findings alone the judgment is erroneous, and should have been rendered in favor of plaintiff in error, and as this appears without reference to the bill, the motion should be denied. Between the covers of that which is indorsed as "Bill of Exceptions," the first four pages embrace what is entitled "Motion for New Trial." The following page contains the title of the case, the heading, "Bill of Exceptions," and the caption of the bill, showing clearly enough that it is the beginning of the bill. The caption does not refer to any motion for new trial, nor is such a motion elsewhere mentioned until we come to the certificate of the judge. That certificate states, by way of recital, that a motion for new trial was overruled, but does not identify any particular motion, nor does it appear by any statement in the certificate or elsewhere in the bill, that an exception was reserved to the overruling of the motion. So that, even were we to consider that the motion is incorporated in the bill, we could not overlook the absence of an exception to the ruling of the court denying the same. Where the bill is unintelligible, confused, or conflicting, it will be interpreted against the appellant, and in support of the judgment, as the exceptant is responsible for all deficiencies therein. 3 Ency. Pl. and Pr., 509, and cases cited. Counsel for plaintiff in error seems to regard the rule of this court requiring the motion, the overruling thereof, and exception thereto to appear in the bill as additional to any statutory regulation, whereas the rule merely emphasizes that which follows from the statute. The motion is not made a part of the record by

statute, although the pleadings are, hence the necessity for preservation by bill of exceptions to give it a place in the record. We are unable to say, after a careful examination of the bill and the certificate of the judge, that it was intended to identify the motion itself as a part of the bill. It was said by this court in Van Horn v. State, 5 Wyo., 501, that "it would be a loose and dangerous practice to supply omissions in the bill by affidavits of the counsel or others, and the statute does not permit it."

As has been already indicated, the deficiency in the bill goes beyond the question whether the motion was and is in the bill. There is no showing either in the bill or in the record anywhere that an exception was reserved to the overruling of the motion, and notwithstanding that if error is disclosed by the record independent of the bill of exceptions, the proceedings should not be dismissed, this court can not review or consider any alleged errors which should have been presented to the trial court by motion for new trial. The exception to the ruling of the court denying the motion must appear in the bill, and we could not resort to any other record to supply it, and the reference above made to the failure of the entire record to show such an exception is mentioned merely by way of emphasis to show the more clearly, if possible, that however much we might be inclined to favor the bill by every reasonable intendment, that would not permit us to supply an omission of such an essential requirement as an exception to a ruling which is assigned as error.

It is, however, seriously urged that upon the findings themselves the judgment can not be sustained, and should be reversed. That matter we will now consider.

The action was brought by the Bank of Chadron against Anderson upon a judgment obtained in the county court of Dawes County, in the State of Nebraska. The defense interposed was, in substance and effect, that the judgment had been procured through fraud, and that the notes upon which the judgment was rendered were obtained from

Anderson through fraud, and were void in the hands of the original holders, and the bank as well, who held them as collateral security; that they had been adjudged void as to original holders by a decree of the district court of Nebraska sitting in Dawes County, and the bank enjoined from collecting them, except as to such interest as it had acquired therein prior to the commencement of the suit in which the decree was entered.    It was also charged that the bank had not acquired any interest in the notes.    The principal facts are stated at some length in the opinion in Bank of Chadron v. Anderson, 48 Pac., 197; 6 Wyo., 518; when the case was before this court upon error from an order vacating a former judgment.    The facts are practically the same in the case at bar, and we shall not attempt a restatement of them.

Summarized, the findings of the trial court are: First, that the county court of Dawes County, Nebraska, had jurisdiction over the person of the defendant, and of the subject matter of the controversy.    Second, that the judgment sued on  was rendered for $161 in excess of the amount of the notes and interest, and that such excess was fraudulently caused to be added to the judgment by plaintiff's counsel in that action; and generally that the judgment was procured by fraud on the part of the plaintiff and its counsel.    Third, that the notes were not purchased by plaintiff in good faith, or for a valuable consideration, and without notice of the defense of Anderson thereto.    Fourth, that the notes were not indorsed by the payees until after plaintiff had been fully advised by Anderson that they had been procured by fraud and were fraudulent, and that he had a valid defense thereto, and, Fifth, that plaintiff had not at any time any legal or valid interest in or title to the notes as against the maker thereof, and was not and is not entitled to recover any amount whatever from the defendant Anderson upon the notes, or the judgment of the county court, nor under the terms of the decree rendered by the district court of said Dawes County, Nebraska.

The point insisted on is that, as the court found the county court to have possessed jurisdiction over the person of defendant and the subject matter of the action, none of the other facts found are sufficient to impeach the judgment rendered by that court and sued upon in the present action.  We held when the case was here before, that the judgment could be impeached for fraud in its procurement.  That question was fully discussed in the opinion then filed, and we adhere to the views therein expressed.  The trial court found that the judgment was procured by fraud; and having so concluded, found from the evidence that the notes themselves were fraudulently obtained, and that the plaintiff was not an innocent holder thereof for value without notice.  If the judgment was fraudulently obtained, then every defense which the maker of the notes had as against the bank might properly be shown upon the trial.  We can not consider whether the finding of the court respecting the fraudulent procurement of the judgment is sustained by the evidence or not, for the reason that, if not, it was a ground for a motion for new trial, and what the motion was, and whether the ruling denying the same was excepted to, does not appear.  We are, therefore, unable to assent to the proposition that the judgment is improper as based upon the findings.  If the findings are correct, and for the reasons already stated, we must assume them to be so, the appropriate judgment was rendered.

What has been said necessarily disposes of the case. Although the correctness of the findings are not sufficiently challenged in this court to authorize their review, we are satisfied from an examination of the evidence that no injustice has been done.  The judgment must be affirmed.

*Affirmed.*

CORN and KNIGHT, JJ., concur.