# DAVIS v. OGDEN.

Appeal and Error—Bill of Exceptions—Motion for New Trial.

1. Where the only grounds for review alleged in a petition in error are that the court erred in finding for defendant and against plaintiff, and in overruling plaintiff's motion for new trial, there is nothing to be considered unless said alleged errors are brought into the record by a bill of exceptions showing a motion for new trial duly pre-

sented, an adverse ruling thereon, and an exception thereto
at the time of the ruling.

2.  The recital in a journal entry that a motion for new trial
    was presented and overruled, and the ruling excepted to,
    and that time was requested and granted within which
    to prepare and present a bill of exceptions for allowance,
    is not sufficient to bring the motion and exceptions neces-
    sary to be preserved thereby into the record.

3.  Aside from the transcript of the journal entries, the only
    record transmitted consisted of a number of original
    papers fastened together in the following order:  The
    petition, answer, reply, motion for new trial, and tran-
    script of testimony, the transcript of testimony being in-
    dorsed, "Bill of Exceptions," and at the end was a cer-
    tificate of the trial judge that "the foregoing contains
    all the evidence and testimony," and the "plaintiff having
    presented this as her bill of exceptions" and asked to
    have the same approved, "it is hereby done in chambers."
    *Held,* that the bill failed to identify the motion for new
    trial as ever having been presented for the court's rul-
    ing, or the ruling, if any, thereon, or the reservation of
    any exception to any such ruling.

[Decided November 19, 1908.]          (97 Pac. 1074.)

ERROR to the District Court, Crook County; HON. DAVID
H. CRAIG, Judge.

*M. Nichols,* for plaintiff in error.

No appearance for defendant in error.

SCOTT, JUSTICE.

This is an action for conversion of personal property,
and was commenced in the court below by the plaintiff
in error as plaintiff against the defendant in error as de-
fendant.  The case was tried to the court without the
intervention of a jury and the court upon the issues and
evidence made its separate findings of fact and conclusions
of law and rendered judgment thereon in favor of the
defendant, and thereupon the plaintiff brings error.

Plaintiff in error by her petition bases her right to relief
solely upon two grounds, *first,* that the court erred in find-
ing for the defendant and against the plaintiff, and *second,*

that the court erred in overruling plaintiff's motion for a new trial.

. It is apparent that either or both of these assignments in order to entitle them to consideration must be brought into the record through and by a motion for a new trial duly presented to the court, an adverse ruling thereon and an exception thereto made at the time of the ruling, all of which should be embraced in the bill of exceptions. (Rule 13; Freeburgh v. Lamoureux, et al., 12 Wyo. 41.) Aside from the transcript of the journal entries separately returned there are a number of papers fastened together and returned in this case in the following order, viz: the petition, answer, reply, motion for a new trial and transcript of testimony. The transcript of testimony is endorsed "Bill of Exceptions" and at the end of such transcript is a certificate of the trial judge as follows:

"I, David H. Craig, the judge presiding at the trial of the above entitled cause of action in the above named court, do hereby certify that the foregoing contains all of the evidence and testimony of the parties to said action offered and introduced in the trial of the above entitled cause in said court on the 15th day of June, A. D. 1907, and the above named plaintiff having presented this as her bill of exceptions within the time allowed by the court and as provided by law and asked the presiding judge to sign this bill of exceptions and approve the same, it is hereby done in Chambers, this 30th day of August, A. D. 1907."

*It does not clearly appear from the certificate of the* trial judge that the motion for a new trial found in this bundle of papers was included as a part of the bill, but on the contrary the certificate seems to be directed to the correctness of the transcript of the testimony alone. However that may be, or what may have been the intention, the bill is silent and fails to identify that motion as ever having been presented to the court for its ruling, or if so, what the action of the court thereon was, or the reservation of any exception at the time or at all to such ruling if any such was made. Although the journal entry recites

that a motion for a new trial was presented to the court, an adverse ruling thereon, an exception and a request and allowance of time within which to prepare and present a bill for allowance, yet the motion, its presentation and the exception to the ruling thereon for the purpose of the consideration of the errors assigned must and should have been brought into the record by the bill.

The record presents the exact question that arose in Freeburgh v. Lamoureux et al, *supra*, where this court entered into an extensive discussion of the question and held that where the bill failed to show the presentation of the motion for a new trial, an adverse ruling thereon and an exception to such ruling, the plaintiff in error is not entitled to be heard upon any assignment of error which should properly be embraced in such motion. We regard the question as settled in this jurisdiction.

There being, therefore, no question properly presented for consideration, the judgment will be affirmed.

*Affirmed.*

POTTER, C. J., and BEARD, J., concur.