## SENG v. STATE.
## (No. 690.)

APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS—MOTION FOR NEW TRIAL.

1. A recital in the bill of exceptions that "defendant filed a motion for new trial, which was by the court overruled, to which the defendant at the time excepted," is insufficient to make the motion for new trial a part of the record, the said motion not being incorporated in the bill, and that being the case no exceptions required to be presented to the court below by such motion are properly before the Supreme Court for consideration on error.

2. The only way in which the Supreme Court can know what the evidence in any case was is by having it incorporated in the bill of exceptions and properly authenticated by the court or judge as the evidence in the case; the certificate of the court reporter being insufficient for that purpose.

3. The evidence in the case was not properly a part of the record on error where the bill of exceptions as signed by the trial judge consisted of nine pages, under separate cover bearing the filing mark of the clerk of the District Court and attached to it, but not referred to in the bill or in any way identified or authenticated by the court or judge, was what purported to be a transcript of the shorthand notes taken by the court reporter.

4. Notwithstanding the imperfect record in the case all the papers on file, including the purported evidence, were examined, from which it was *held* that the defendant appeared to have had a fair trial, that the instructions were as favorable to him as the law would warrant, and that the evidence,

assuming that the notes of the court reporter contained all
the evidence, fully supported the verdict.

[Decided April 2, 1913.]                    (122 Pac. 631.)

ERROR to the District Court, Uinta County; HON. DAVID
H. CRAIG, JUDGE.

The material facts are stated in the opinion.

*R. S. Spence,* for plaintiff in error.

The court erred in overruling the motion of plaintiff in
error on the trial to exclude the testimony of witnesses
whose names were not indorsed upon the information as
required by statute. Upon this question the case of Boulter
v. State, (Wyo.) 42 Pac. 610, is cited as containing the au-
thorities pro and con. There was a flagrant violation of the
rules of evidence on the trial of this case which ought to
result in a reversal. It was for the jury to say whether the
defendant was justified in shooting, and the evidence which
the defendant attempted to introduce might have materially
affected the verdict. The court erred in refusing the re-
quest of the defendant below that the jury be permitted to
visit the place of the homicide. While the statute gives
great latitude to the trial court in that particular, still if the
discretion be abused it is, we think, ground for reversal.
The court erred in permitting the prosecuting counsel to
abuse the defendant in addressing the jury. The text of the
address is set forth in the motion for new trial to which
reference is made. The prosecuting attorney is not justified
in expressing his opinion of the defendant's guilt, or stating
as a fact anything except what the evidence tends to prove,
or which he expects to prove, in good faith. (State v. Clark,
131 N. W. 369; Harwell v. State, 134 S. W. 701; Brown
v. State, 54 So. 305; Ross v. State, 133 S. W. 688; State
v. Jones, 53 So. 559; State v. McPherson, 131 N. W. 645;
Harris v. State, 137 S. W. 698; People v. Pang Sui Lin,
114 Pac. 582.) (Counsel also contended that the court
erred in refusing to give certain instructions.)

D. A. Preston, Attorney General, and John R. Arnold, County and Prosecuting Attorney for Uinta County, for the State.

The motion for new trial, if any such motion was filed, is not included or embraced in the bill of exceptions, nor is the evidence in the bill. (Koppala v. State, 15 Wyo. 398.) The transcript of the reporter's notes cannot be considered by this court unless the same is embraced within the bill of exceptions. (Koppala v. State, supra; France v. Bank, 3 Wyo. 187.) Even if such transcript was properly in the record by being incorporated in the bill there is nothing in the bill to show that it contains all the evidence, which is necessary to have the evidence considered here. (Fishback v. Bramel, 6 Wyo. 293; Koppala v. State, supra.) The court should not be called upon to review matters not properly before it.

The statute requiring an indorsement of the names of the witnesses upon the information is merely directory. (Territory v. Anderson, 1 Wyo. 20; Sheldon v. Comm., 89 Va. 450; State v. Shores, 31 W. Va. 491; State v. Enoch, 26 W. Va. 253; State v. Hollensworth, 6 S. E. 417; Lord v. State, 18 N. H. 173; Short v. State, 63 Ind. 376; Andrews v. State, 117 Ill. 195; People v. Freeland, 6 Cal. 96; Ballard v. State, 28 N. W. 271.) Several of the points made in the brief were not preserved by the motion for new trial which would be necessary to have them considered here, even if the motion said to have been filed was embraced in the bill. Upon the record it does not appear that there was any misconduct of counsel. (Horn v. State, 12 Wyo. 80, Ross v. State, 8 Wyo. 351; Lied v. State, (Ala.) 31 So. 959; State v. Johnson et al., 48 La. Ann. 91; Terr. v. Cordova, 68 Pac. 920; State v. Ladano, 51 Atl. 863.) Nor that error was committed in not sending the jury to visit the scene of the crime. (1 Thompson on Trials, sec. 833; People v. Bonny, 19 Cal. 427.)

BEARD, CHIEF JUSTICE.

The plaintiff in error, Joseph Seng, was convicted in the District Court of Uinta County of the crime of murder in the first degree and sentenced to suffer death by hanging. From that judgment he brings the case here on error.

The case was submitted to this court on briefs without oral argument; and in his brief the Attorney General calls the attention of the court to the fact that the bill of exceptions does not contain any motion for a new trial or the evidence in the case; and he insists that in this state of the record there are no questions presented for consideration by this court. An examination of the bill of exceptions shows that to be the condition of the record. The bill does not contain the motion for a new trial. It recites that "defendant filed a motion for a new trial, which was by the court overruled, to which the defendant at the time excepted." That is the only statement in the bill with reference to a motion for a new trial. The motion for a new trial not being contained in the bill of exceptions, never became part of the record, and no exceptions required to be presented to the court below by such motion are properly here for consideration. Rule 13, of this court, 104 Pac. XIII; Comp. Stat. 1910, p. 1464, provides, "Nothing which could have been properly assigned as ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions." (Bank of Chadron v. Anderson, 7 Wyo. 441, 53 Pac. 280; Freeburgh v. Lamoureux et al., 12 Wyo. 41, 73 Pac. 545; Koppala and Lampe v. State, 15 Wyo. 398, 89 Pac. 576, 93 Pac. 662; Davis v. Ogden, 17 Wyo. 207, 97 Pac. 1074.)

The bill, as signed by the trial judge, consists of nine pages, under separate cover bearing the filing mark of the clerk of the district court, and attached to it, but not referred to in the bill or in any way identified or authenticated

by the court or judge, is what purports to be a transcript of the shorthand notes taken by the court reporter; but such transcript, even if it had been incorporated in the bill, does not purport to contain all the evidence. The only way this court can know what the evidence in any case was, is by having it incorporated in the bill of exceptions and properly authenticated by the court or judge as the evidence in the case. The certificate of the court reporter is insufficient for that purpose. (Fishback v. Bramel, 6 Wyo. 293, 44 Pac. 840; France v. First Nat'l Bank of Omaha, 3 Wyo. 187, 18 Pac. 748; Koppala and Lampe v. State, 15 Wyo. 398, 89 Pac. 576, 93 Pac. 662.) Each and all of the alleged errors complained of and argued in the brief of counsel for plaintiff in error are matters occurring on the trial and which must be presented to the court below by a motion for a new trial in order to have them reviewed here. On the imperfect record presented we might well dispose of the case without further consideration. But the case being an important one, involving the life of the plaintiff in error, we have carefully examined not only the record properly before us, but also all of the papers on file, including the purported evidence, and we fail to find anything therein that leads to the conclusion that he did not have a fair trial. The instructions of the court given to the jury were as favorable to him as the law would warrant; and assuming that the transcript of the court reporter's notes contains the evidence and all the evidence in the case, we are satisfied that it fully supports the verdict of the jury and the judgment rendered thereon. We are, therefore, of the opinion that the judgment of the District Court should be and the same is affirmed.

And now this court appoints Friday, the 24th day of May, in the year of our Lord 1912, for the execution of the sentence pronounced by the court below.

*Affirmed.*

SCOTT and POTTER, JJ., concur.