## MIDDLETON v. STATE*

(No. 1308; Dec. 21, 1925; 241 Pac. 715.)

CRIMINAL LAW—APPEAL & ERROR—BILL OF EXCEPTIONS—REFERENCES TO TRANSCRIPT INSUFFICIENT TO INCORPORATE IN BILL—EXTENSION OF TIME FOR MOTION FOR NEW TRIAL—RULING AND EXCEPTION SHOWN IN BILL—REQUIREMENTS OF BILL STATED—RECORD PROPER.

1. That pages of bill of exceptions were not consecutively numbered as required by Supreme Court rule 10 is not ground for dismissal.

2. Failure to separate original papers from journal entries in record, as transmitted under Supreme Court rule 10, is not ground for dismissal of bill of exceptions.

3. Where transcript of evidence was not included in bill of exceptions, the Supreme Court cannot go to transcript to review alleged errors, since it is not part of record in proceeding in error unless in the bill of exceptions.

4. References in bill of exceptions to transcript as showing examination of juror, exception taken to evidence, sustaining of objection, and improper argument of counsel, *held* insufficient to incorporate transcript therein and make it part of bill.

5. Order extending time for filing motion for new trial, under Comp. St. 1920, § 7583, stating that defendant made a showing on his request for additional time, sufficiently showed that extension was granted upon what the court considered good cause, without stating the particular showing made.

6. It is not necessary that overruling of motion for new trial shall be shown in proceedings in error by journal entry, it being sufficient if fact thereof be shown by bill of exceptions.

7. Bill of exceptions, stating that court erroneously failed to sustain motion for new trial, and objection was duly taken thereto, sufficiently stated an exception to the denial of the motion.

8. A bill of exceptions is not merely a statement of exceptions, but includes a statement clearly showing objection, with facts and circumstances on which it is founded, authenticated by the trial judge according to law, and in view of Comp. St. 1920, §§ 5863-6867, 5900-5903, 7538, brings into the record matter which otherwise would not be regularly shown thereby.

*See Headnotes (1) 17 C. J. p. 163 n. 96 (2) 17 C. J. p. 139 n. 56 (3) 17 C. J. p. 126 n. 44(4) 17 C. J. p. 139 n. 62; (5) 16 C. J. p. 1212 n. 62 (6) 17 C. J. p. 125 n. 30 (7) 17 C. J. p. 138 n. 46 (8) 17 C. J. p. 130 n. 84.

ERROR to District Court, Natrona County; ROBERT R. ROSE, Judge.

D. W. (Wes) Middleton was convicted of gambling and permitting gambling, and he brings error. Heard on motion to strike Bill of Exceptions and dismiss proceedings.

*D. J. Howell,* Attorney General and *John C. Pickett,* Asst. Attorney General for the motion.

Bill of Exceptions does not contain a motion for new trial filed within the time allowed by statute; extension of time for filing motion for good cause shown is permissible; 7583 C. S. but without such showing the order is void; Blonde vs. Merriam, 21 Wyo. 513, 133 Pac. 1076; Bill of Exceptions does not show denial of motion and exceptions taken, hence nothing to review; Court Rule 13; Schmidt vs. Bank, 29 Wyo. 260; 212 Pac. 651; Fitzpatrick vs. Ragan, 28 Wyo. 231, 203 Pac. 245; the Bill does not contain a transcript of the evidence; a separate volume purporting to be a transcript filed in case is not authenticated and cannot be reviewed; Seng vs. State, 20 Wyo. 222, 122 Pac. 631; Kopalla vs. State, 15 Wyo. 398, 89 Pac. 576; the Bill does not contain the evidence and is insufficient; 7538 C. S. error argued by plaintiff in error must

be contained in the Bill of Exceptions; State vs. Tobin, 226 Pac. 681; the Bill should be stricken.

*Wm. B. Cobb* and *B. H. Pester* contra.

Defendant's motion for new trial was filed within the extension period, and was therefore valid; 7583 C. S.; Casteel vs. State, 9 Wyo. 272; the Bill of Exceptions shows a denial of motion for new trial, which is sufficient; King vs. R. R. Co., (Ky.) 10 S. W. 631; and defendant's exceptions. The transcript may be included in the Bill by reference; Kopalla vs. State, 15 Wyo. 408; the Bill of Exceptions was presented within time; Gilpatrick vs. Perry, 26 Wyo. 538; the record proper carries at least some of the assignments of error, and motion for dismissal should be denied; Underwood vs. David, et al, 9 Wyo. 178; some alleged errors may be decided without a Bill of Exceptions; Bryan vs. Snyder, 27 Wyo. 512; for example, rulings upon the sufficiency of pleadings; Burch vs. Smith, 30 Wyo. 237; also exceptions to a judgment where unsupported by pleadings.

POTTER, Chief Justice.

This cause has been heard upon a motion to strike the bill of exceptions and dismiss the proceeding in error. The defendant was convicted upon an information containing two counts of gambling and permitting gambling; and he was sentenced to imprisonment in the county jail for nine months and to pay a fine of $750 under each count, the jail sentences to run concurrently.

The motion to strike the bill is based upon several grounds, all stated under one heading, viz: (a) that the bill of exceptions does not show a motion for a new trial filed within the time allowed by statute. (b) That it does not contain an order overruling the motion. (c) That it does not contain a transcript of the testimony. (d) That the pages thereof are not consecutively numbered. (e) That it was not presented for allowance within the

time required by statute. Those are also stated, general-
ly, as the grounds for dismissing the proceeding, with the
further ground that the original papers were not trans-
mitted to this court under separate cover and separately
authenticated as required by our Rule 10. The motion
also contains a paragraph asking that the brief on the
merits heretofore filed by the plaintiff in error be stricken
for the reason that such brief discusses only questions
which, to be available in this court, must have been pre-
sented to the court below by a motion for a new trial.

We think it unnecessary to discuss all of the stated
grounds alleged for striking the bill; nor need all of those
we do consider be discussed separately. That the pages of
the bill are not consecutively numbered as required by the
rules is not a ground, in the first instance, for dismissal;
and that is true also of the failure to separate the original
papers from the journal entries in the record as trans-
mitted here. See Rule 10. The bill does not contain the
evidence in the case, or any part of it. Among the papers
sent here is what appears to be a transcript of the testi-
mony taken in the case, certified as such by the official
court reporter, and bearing also the certificate of the clerk
of the district court that it is such transcript. But it is
not attached to nor in any way made a part of the bill of
exceptions, unless it should be so considered, as counsel
for plaintiff in error contend, by reason of certain refer-
ences thereto in the bill. Such references may be illus-
trated by two or three instances. Thus, the bill states in
one paragraph that in the examination of a named pros-
pective juror, "which said examination is reported in part
at page 33 of the transcript of testimony, at Question No.
278, and the context therein, the court overruled defend-
ant's challenge for cause after the juror had repeatedly
indicated that his mind was not free and unbiased as to
the matter in issue and had repeatedly stated that he had
an opinion as to the guilt or innocense of the defendant

which it would require evidence to change," and that said ruling was duly excepted to. Again, it is stated that exception was duly taken to the admission of exhibit "E" following question No. 560 at page 64 of the transcript of testimony, and that it was admitted over defendant's exception; that it was prejudicial in not having any probative value as to the issues to be determined by the bill and that the fact, if it be a fact, that said exhibit was procured by the witness in the manner specified did not prove or tend to prove the guilt of defendant. Again, it is stated that at question 785 of page 92 of the transcript, the court erroneously sustained an objection to the question on the ground that the same was improper cross-examination, to which exception was duly taken. Also, that during the argument to the jury there was misrepresentation on the part of the prosecuting attorney to the effect that the defendant had not offered any defense or word of explanation on his behalf "as shown at page 128 of the transcript," and that proper objection was made thereto, which was erroneously overruled and exception taken thereto. The above are all contained, as is the case as to all matters throughout the bill, in separately numbered paragraphs, and appear in form to be a statement of exceptions taken by the defendant below. Indeed, in the original bill and also in the amended bill, both of them being in the record, the latter containing in addition to the matter in the former the motion for a new trial set out in full,—the introductory statement is "Be it remembered that at the trial  *  *  *  the following exceptions were taken by the defendant to rulings upon questions of law by the trial court." And that seems to be the purport of what is set out in both the original and amended bills, without the statement of any fact explaining the exception otherwise than by references to the transcript of testimony, such as above explained.

Referring to the exception to the challenge of the juror, it would be necessary to resort to the transcript of the evidence to ascertain what his answers actually were upon which the court acted. The bill in that respect states conclusions as to what the evidence shows, and without showing that nothing else was shown thereby, or that the narrative in the bill includes all of the juror's answers. A juror's answers might, we may suppose, be stated in a bill of exceptions in a narrative form if authenticated by the court in that form as a bill and as containing all of the juror's examination. But we do not think that appears to have been the purpose of either the original or amended bill in this case. We cannot go to the transcript for the purpose indicated in the bill, for it is no part of the bill. It is not a part of the record in a proceeding in error unless in the bill of exceptions.

In Seng v. State, 20 Wyo. 222, 122 Pac. 631, it was said that the bill "as signed by the trial judge, consists of nine pages, under separate cover, bearing the filing mark of the clerk of the district court, and attached to it, but not referred to in the bill or in any way identified or authenticated by the court or judge, is what purports to be a transcript of the shorthand notes taken by the court reporter. * * * The only way this court can know what the evidence in any case was, is by having it incorporated in the bill of exceptions, and properly authenticated by the court or judge as the evidence in the case. The certificate of the court reporter is insufficient for that purpose." (Citing cases).

In addition to those citations, is the much earlier case of Johns v. Adams Bros., 2 Wyo. 195, wherein it was plainly declared that the court would not accept the court stenographer's transcription of the testimony as a substitute for a bill of exceptions, "or in lieu thereof." And that decision was rendered at the March term of 1880, and referred to the statute of December 15, 1877, the first law in

the territory providing for the appointment of an official stenographer, and which provided that his transcript should, *"prima facie,"* be deemed and taken as a correct statement of the testimony. But the court said that the transcript was not declared to be anything more than *prima facie* true, that nevertheless the court retained its power to correct and certify what is true, and that "to give to the stenographer's notes absolute instead of mere *prima facie* verity in this court would be to usurp one of the fundamental rights and powers of every court to say what was or what was not proved before it, when it is sought to impeach its judgment or decrees by proceedings in error or on appeal. And in support of that was quoted from the U. S. Supreme Court the following:

"The judge's notes do not constitute a bill of exceptions. They are but the memoranda from which a formal bill may afterwards be drawn up, signed and sealed."

In the paragraphs of the bill and amended bill, as illustrated above, there is not, we think, any such reference to the court reporter's transcript as could amount to an incorporation of any part of it into and as a part of the bill. The amended bill, however, includes the following: "That the court erroneously overruled the motion for a new trial filed in this cause, said motion for a new trial being in letters, words and figures, as follows, to-wit: "Then follows the motion filed within the time as extended by the court under the statute permitting such extension. Comp. Stat. 1920 Sec. 7583. That section provides that in a criminal case an application for a new trial shall be by motion upon written grounds to be filed at the term the verdict is rendered, and except for the cause of newly discovered evidence, which could not with reasonable diligence have been discovered and produced at the term, shall be filed ten days after the verdict was rendered unless additional time shall be granted by the court upon

good cause shown. It is contended here by the Attorney General that there was no showing of cause and therefore that the time cannot be considered as having been properly granted. But we think the record does include a showing made for the extension. For the order granting the extension states that "on this 5th day of April, 1924, * * * the above named defendant made a showing upon his request for additional time within which to file a motion for a new trial in said cause, and the court being fully advised in the premises, now, therefore, it is ordered that said defendant shall have to and until and including the 12th day of April, 1924, within which to file * * * a motion for a new trial." We do not think it was necessary for the court in its said order to state the particular showing of cause that was made. But what is stated we think is enough to show that the extension was granted upon what the court considered to be good cause.

It is not necessary that the overruling of a motion for a new trial shall be shown, in a proceeding in error, by a journal entry; it is sufficient if the fact be shown by the bill of exceptions. And that fact is shown by the amended bill here in the words above quoted, although the form of it seems to be to allege that it was overruled *erroneously*. Nevertheless, the fact *is* stated that it was overruled. We think also that the bill states an exception thereto in the preceding paragraph which states that the court erroneously failed to sustain a motion for a new trial filed in the case and "objection was duly taken thereto." But the evidence would be necessary to a consideration of the exception to the overruling of the motion.

A bill of exceptions, as usually defined, and as defined by this court, is not *merely* a statement of "exceptions," but it includes a statement clearly showing "the objection, with the facts and circumstances upon which it is founded, which, to attest its accuracy, is authenticated by the trial judge according to law." Freeburgh v. Lamour-

eux, 12 Wyo. 41, 73 Pac. 545. And it brings into the record matters which otherwise would not be regularly shown thereby. Or, as generally stated, to bring into the record matters not otherwise or not a part of it. In this state, the matters which are or are not part of the record proper, and thereby open to consideration in a proceeding in error without a bill, are to be determined by reference to provisions found in Secs. 5900 to 5903, Comp. Stat. 1920, part of the Civil Code, specifically covering the matter of the record in a cause generally; and Sec. 7538, in the Criminal Code. And the following are also pertinent referring specially to exceptions. Secs. 5863-5867. And we may refer here, in support of our conclusion, to the several citations of Wyoming cases under these sections. What was said also in the comparatively early case of Van Horn v. State, 5 Wyo. 501, may be in point here. The question was whether the instructions were in the record, it appearing that the motion for a new trial stated that certain instructions were given or refused, but they were nowhere else referred to in the bill. The court mentioned the fact that certain affidavits of counsel had been presented stating that an exhibit purporting to contain the instructions, but nowhere incorporated in the record or referred to and identified in the bill, were the instructions in the cause, and then said:

"It would be a loose and a dangerous practice to supply omissions in the bill by evidence of counsel or others and the statute does not permit it. What is not made by the statute a part of the record of the trial court must go in the bill and be identified by the judge of the court, the same as other records are."

We may suppose that it will be generally understood that what has been said above has reference to a record in a proceeding in error, the only appellate proceeding for bringing causes to this court for review authorized for

many years by our laws. The "record" for consideration in this court upon a statutory appeal, or what is called a "direct appeal" in the statute creating that method of review in this court of district court judgments, is specially provided for in that statute to be prepared and filed in that court as the "Record on Appeal," under a provision directing what shall be contained therein, and without requiring either a bill of exceptions or motion for a new trial.

We see no good reason for retaining either the original or the amended bill of exceptions in this record. As to any matter therein contained requiring preservation by bill, it could not be considered because of the absence of the evidence explaining the several exceptions, and to leave the bill in the record would simply cause added labor to counsel for the state in responding to all of the questions discussed in the brief of plaintiff in error, and also upon the court in subsequently eliminating from its consideration the matters not properly presented because of the situation above explained. The motion to strike the bill will therefore be granted.

The petition in error, however, assigns error with reference to some matters which may be and we incline to think are shown by the record proper. Thus, it is contended that the information is insufficient to state a crime, and there may be other objections urged against the information. Error is charged also with respect to the sentence, which might require at least a modification if not a reversal. The motion to dismiss, therefore, will be denied.

Blume and Kimball, JJ., concur.