SMITH v. SAHLER.

## Smith v. Sahler.

1. APPEAL OR PETITION IN ERROR *to final order.* An order to be final and subject to review in an appellate court upon appeal or petition in error, must dispose of the whole merits of the case, and leave nothing for the further determination of the court. It must affect a substantial right and determine the action.

2. An order or decree which leaves the law or equity of the case, or some material question connected with the merits of the controversy, for future determination, is interlocutory, and is not subject to review in any appellate court on appeal or petition in error.

3. An order dissolving an injunction, when the same is an incident of the action, and the substantial rights of the parties remain undetermined, is interlocutory and not appealable.

This was a motion to dismiss an appeal. The facts sufficiently appear in the opinion of the court.

*John H. Sahler,* the defendant, in person for the motion.

*T. M. Marquette,* contra.

MASON, Ch. J.

The error complained of in this cause is the order of the court below, dissolving an injunction which had been allowed in the cause by William D. Gage, Probate Judge of Cass County.

The defendants in error now move to dismiss the proceeding on the ground that the order dissolving the injunction was not a final order within the meaning of section five hundred and eighty-two of the Civil Code. The prayer of the bill in this case is that a certain judgment at law obtained against John Hughes and John H. Sahler, and assigned to the plaintiff, be set off against a judgment obtained by defendant Sahler against the plaintiff aforesaid; and that the defendant Sahler, and Joseph W. Johnson, sheriff of the county of Cass, be enjoined

SMITH *v.* SAHLER.

from collecting the judgment obtained by Sahler against the plaintiff, and for such other and further relief as equity and good conscience may require.

A writ of error or an appeal lies only to a final order or decree; and by section five hundred and eighty-one a final order is thus defined: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed as provided in this title."

A decree to be final must dispose of the whole merits of the case, and leave nothing for the further consideration of the court. An order is final when it affects a substantial right and determines the action. An order is interlocutory which dissolves an injunction when the same is an incident of the action, and the substantial rights of the parties involved in the action remain undetermined. When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, as in this case, it is interlocutory.—*Kelly* v. *Stanbury*, 13 *Ohio*, 408. A writ of error lies only to a final judgment or order of the District Court, or board, or tribunal.—*Kelly* v. *Hunter*, 12 *Ohio*, 216; *Herf* v. *Shultze*, 10 *Ohio*, 263.

An order or decree of a court which leaves the law or equity of the case, or some material question connected with the merits of the litigation or controversy, for future determination, is interlocutory, and not a final order or decree.—*Leaf* v. *Hewitt*, 1 *Ohio St.* 54; *Longworth* v. *Sturges*, 6 *Ohio St.* 143.

The motion to dismiss the proceeding in error in this cause must be sustained.

Motion sustained.