W. H. CLARK ET AL., APPELLEES, V. W. R. FITCH, APPELLANT.

[FILED JULY 1, 1891.]

Final Order: WHAT IS NOT. An order of a judge of a district court, overruling a motion to vacate a temporary injunction granted at the commencement of the action, is not a final order, and cannot be reviewed until the final determination of the cause in the district court.

APPEAL from the district court for Washington county. Heard below before WAKELEY, J.

*W. H. Eller*, for appellant.

*J. H. Blair*, and *Osborn & Farnsworth*, contra.

NORVAL, J.

The plaintiffs and appellees filed a petition in the district court of Washington county to enjoin the defendant from further trespassing upon the west one-half of the southwest quarter of section 29, in township 20 north, of range 11 east of the sixth P. M., and from interfering with the plaintiff's possession of said lands.

On the 18th day of October, 1889, a temporary injunction was allowed, according to the prayer of the petition, by Hon. Alonzo Perkins, county judge of Washington county. Subsequently, on the 22d day of November, 1889, Hon. Eleazer Wakeley, one of the judges of the district court of said county, upon due notice heard at his chambers in vacation, the motion of the defendants to vacate the injunction granted by the county judge, which motion was denied and overruled. From which order the defendant appeals.

Section 675 of the Code of Civil Procedure, relating to

the appeals in actions in equity, provides that "either party may appeal from the judgment or decree rendered or final order made by the district court to the supreme court of the state."

The overruling of a motion to dissolve a temporary injunction granted at the commencement of the action is not a final order. It is merely interlocutory and cannot be reviewed before the final determination of the action. Until then it is subject to review by the district court.

In defining what is a final order, we approve and adopt the rule stated in the case of *Smith v. Sahler*, 1 Neb., 310, in which it is said that an order is final when it affects a substantial right and determines the action. An order is interlocutory which dissolves an injunction when the same is an incident of the action, and the substantial rights of the parties involved in the action remain undetermined; when no further action of the court is required to dispose of the cause pending, it is final. When the cause is retained for further action, as in this case, it is interlocutory.

It has been held by this court that an order vacating a temporary injunction is not appealable before final judgment in the action. (*Smith v. Sahler, supra; Scofield v. Bank*, 8 Neb., 16; *School District v. Brown*, 10 Id., 440; *Steele v. Haynes*, 20 Id., 316.) The same rule obtains where a motion to vacate a temporary injunction is denied.

In reaching this conclusion we have not overlooked the act of the legislature entitled "An act to provide for supersedeas bonds in certain cases," approved March 21, 1889, the same being carried into the Code as sections 679, 680, and 681. An examination of the provisions of the sections will disclose that the legislature did not attempt to make the overruling of a motion to dissolve a temporary injunction a final order, or one that could be reviewed before the final disposition of the case. The first of the sections provides in effect that on the dissolution or modification of a temporary injunction, the court or judge shall fix the

Clark v. Fitch.

amount of the supersedeas bond the party may give, to prevent the doing of the act which was sought to be restrained by the injunction so dissolved or modified.

The next section prescribes the conditions of the bond, and fixes the time within which it must be given to be effective.

The last numbered section provides that "such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined by the judgment, decree, or final order of the court in term time."

It is patent that the provisions of the act relate solely to cases where a temporary injunction has been modified or dissolved. The only object was to continue the temporary injunction in force until the final disposition of the case in the district court, or the party applying for the injunction giving the requisite bond. The provisions could have no application where the motion to vacate the temporary injunction is denied, for in such case the temporary injunction continues in force and effect without the giving of the bond.

So far as the record discloses the suit is still pending in the district court; at least it does not affirmatively appear that the rights of the parties have been adjudicated. As the order appealed from is not final, the appeal is

DISMISSED.

THE other judges concur.