## ANDERSON v. ENGLEHART.
### (No. 615.)

APPEAL AND ERROR—ORDER REFUSING TO DISSOLVE TEMPORARY IN-
JUNCTION—REVIEW—NECESSITY FOR MOTION FOR NEW TRIAL,—
FINAL ORDER—SPECIAL PROCEEDING.

1. A motion for new trial in the court below is not necessary
   to obtain the review of an order denying a motion to
   dissolve a temporary injunction—one allowed *pendente lite.*
   Rule 13, providing that nothing which could have been
   properly assigned for a new trial will be considered, unless
   it shall appear that the same was properly presented to
   the court below by motion for new trial, that the same
   was overruled, and an exception reserved to such ruling,
   does not apply to an order denying a motion to dissolve
   a temporary injunction, for the hearing upon such a mo-
   tion is not a trial within the meaning of the statute defin-
   ing a new trial. (Rev. Stat. 1899, Sec. 3746.)
2. An order denying a motion to dissolve a temporary injunc-
   tion—one that has been allowed *pendente lite*—though
   "interlocutory" in the cause, is "final" in the proceeding
   connected with the cause for obtaining the temporary
   remedy, and it is reviewable as a final order affecting a
   substantial right made in a special proceeding.

[Decided December 20, 1909.]        (105 Pac. 571.)

ERROR to the District Court, Carbon County, HON. DAVID
H. CRAIG, Judge.

Heard on motion to dismiss. The facts are stated in the
opinion.

*Charles E. Winter,* for defendant in error, in support of
the motion to dismiss.

A motion for new trial was necessary in the lower court
to obtain a review of the order denying the motion to dis-
solve the temporary injunction, as required by Rule 13 of
this court. (City v. Manning, 23 Pac. 109; Reynolds v.
Miller, 14 Wyo. 97; 29 Cyc. 748; Ivinson v. Alsop, 1
Wyo. 251; Murrin v. Ullman, 1 Wyo. 36; Wilson v.

O'Brien, 1 Wyo. 42; Garbanati v. Board, 2 Wyo. 257; Cook v. Territory, 3 Wyo. 109; Johnson v. Golden, 48 Pac. 196; Putman v. Putman, 14 Pac. 356; Moses v. White, 51 Pac. 122; Raskin v. Roberts, 35 Pac. 753; Seibel v. Bath et al., 40 Pac. 756; Parker v. Newman, 40 Pac. 1024; McNealy v. Keplinger, 15 Pac. 534; Toulouse v. Burkett, 10 Pac. 28; Alder Gulch Co. v. Hays et al., 9 Pac. 581; Broadwater et al. v. Richards, 2 Pac. 544.) The.,order complained of is not a final order, and therefore not appealable. It is an interlocutory order pure and simple. (Fowle v. House, 39 Pac. 5; 3 Estes Pl., Sec. 4978; Wyatt v. Wyatt, 10 Pac. 288; Herring v. Wiggins, 54 Pac. 483; Bank v. Barkalow, 35 Pac. 796; Stapelton v. Orr, 23 Pac. 109; Putman v. Putman, 14 Pac. 356; Andrews v. Lane, 46 Kas. 264; North Point, &c., Co. v. Utah, &c., Co., 46 Pac. 824; Basche v. Pringle, 26 Pac. 863; Clarke v. Fitch (Neb.), 49 N. W. 374; Einsphar v. Smith (Neb.), 64 N. W. 698; Meng v. Coffee, 52 Neb. 44; 10 Neb. 440; 8 Neb. 16; 44 Neb. 361; Gramm v. Fisher, 3 Wyo. 595, 4 Wyo. 1.)

*N. R. Greenfield,* for defendant in error, *contra.*

There is no authority in the Code for a new trial after determination of a motion to dissolve a temporary injunction. The proper practice, we believe, would be to ask leave to renew the motion if another hearing should be desired. A motion which does not ask a decision as to a fact arising upon the pleadings is not the subject of a new trial. Therefore, none was necessary as a prerequisite to a review of the order denying the motion. (Bank v. Swan, 3 Wyo. 356; Seibel v. Bath, 5 Wyo. 409; Perkins v. McDowell, 3 Wyo. 328; 29 Cyc. 757.) An order denying a motion to dissolve a temporary injunction is appealable. (2 Cyc. 598; Burke v. Ry. Co., 45 O. St. 631; Atwood v. Whipple, 48 O. St. 308.) Our statute recognizes but does not define a special proceeding, as was said in Porter v. State (Wyo.), 92 Pac. 386, but in view of the nature and effect of the injunction, and the order refusing to dissolve it, we think

that the order was made in a special proceeding, within the meaning of the Code, and it clearly affected a substantial right of the plaintiff in error.

POTTER, CHIEF JUSTICE.

W. M. Englehart brought an action in the District Court in the County of Carbon against J. F. Anderson to recover the amount alleged to be due upon certain promissory notes and to foreclose a mortgage upon certain real estate given to secure said notes. In a separate cause of action 'the petition alleges that the defendant threatens to remove certain fixtures from, the mortgaged premises which are alleged to constitute a part of the realty and to be covered by the mortgage, and it is prayed that a temporary injunction issue restraining the defendant from detaching or removing the said fixtures, and that upon the final hearing of the case the injunction be made perpetual. A temporary injunction was issued at the commencement of the action, without notice of the application therefor to the defendant, and an undertaking as required by statute in the amount fixed by the judge upon allowing the injunction appears to have been executed and filed. The cause was commenced, the injunction issued and the undertaking executed and filed on June 1, 1909. On the following day, viz.: June 2, 1909, the defendant filed a motion to dissolve the temporary injunction, and after notice to the plaintiff said motion was heard by the court on June 10, 1909, upon the petition and papers upon which the injunction was issued and affidavits presented by the respective parties, and on the same day the court overruled the motion and ordered that the injunction be continued until the final hearing of the case, to which the defendant excepted, and within the time allowed for that purpose he presented and had allowed his bill of exceptions. Thereupon the defendant Anderson instituted this proceeding in error for the review of the order denying the motion to dissolve the injunction.

The plaintiff below, defendant in error here, moves to dismiss the petition in error and the proceedings thereon for two reasons: 1. That a motion for a new trial was not made in the District Court. 2. That the order sought to be reviewed is not a final order and therefore not appealable. Our Rule 13 provides that nothing which could have been properly assigned for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions. The rule does not apply where a review is sought of an order such as is here complained of. Under the statute a new trial is the re-examination of an issue of fact, after verdict of a jury, report of a referee or master, or decision by the court. (Rev. Stat. 1899, Sec. 3746.) As held in the case of First National Bank v. Swan, 3 Wyo. 356, a new trial as thus defined refers to a re-examination of an issue of fact on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. In that case it was held that a motion for a new trial was not necessary for the consideration on error of an order made upon a motion to discharge an attachment, and the court said: "The action of a court in hearing and determining a motion to discharge an attachment is not, in a strictly legal sense, a trial, and therefore the action of the court may be reviewed on error, * * * although a motion for a new trial was not made below." The proceeding and hearing on a motion to discharge an attachment is in this respect analogous to a motion and a hearing thereon to dissolve a temporary injunction, and the same principle applies.

Is the order complained of reviewable? The statute provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right in a special proceeding, or upon a summary application in

an action, after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter." (Rev. Stat. 1899, Sec. 4247.) "A judgment rendered or final order made by the District Court may be reversed, vacated or modified by the Supreme Court, for errors appearing on the record." (Id., Sec. 4249.)

Construing these provisions, this court has held that an order dissolving or sustaining an attachment, when made by a court, is a final order reviewable on proceedings in error instituted before judgment in the action wherein the attachment issued. (Bank v. Moorcroft Ranch Co., 5 Wyo. 50.)

It has also been held that an order of court appointing a receiver in an action to foreclose a mortgage, and an order denying the motion of a defendant holding a senior mortgage to vacate the prior appointment and to appoint a receiver in his own behalf, are final orders subject to review on error, on the ground that the appointment of a receiver is a special proceeding, and such appointment or the vacation of a receivership may affect substantial rights. (Anderson v. Matthews, 8 Wyo. 307.) In so holding, the court in both cases above cited followed the Ohio decisions upon the subject, our code provisions having been taken from the statutes of that State. If the principle of those cases be adhered to and followed, it would seem necessary to hold that an order either sustaining or denying a motion to dissolve a temporary injunction, that is to say, one that has been allowed *pendente lite*, is also a final order within the meaning of the code provision defining that term. And it is so held in Ohio. (Burke v. Ry. Co., 45 O. St. 631.) In Collins et al. v. Stanley, 15 Wyo. 282, an order denying a motion to vacate a temporary injunction was reviewed, though the jurisdiction to do so was not questioned or considered.

Most of the cases decided in other States maintaining the right to review such an order on appeal or error cannot aid our consideration of the question, for they are based upon a statute plainly declaring that an appeal may

be had from an order granting, refusing or vacating an injunction. But in Michigan, apparently without a provision plainly so declaring, an order granting an injunction temporarily or until the final determination of the suit was held to be appealable, the court saying: "This injunction operated, and was intended to operate, all the aid to complainant which the bill called for; and the whole bill was framed substantially to secure a passage across defendant's right of way speedily. It had all the effect of a final decree." (Toledo, &c., Ry. Co. v. Detroit L. & N. R. R., 61 Mich. 9.) And there are other States where it is held that where an injunction is the only relief sought by the bill, and a motion to dissolve for want of equity in the bill is sustained, the order is appealable, on the ground that the motion operates as a demurrer to the bill for want of equity. (2 High on Inj., 2nd Ed., Secs. 1706, 1707; 2 Ency. Pl. & Pr. 124.) The fact that in many States the right of appeal in such cases is conferred by the use of terms so explicit as to put the matter beyond question, whether the order is to be regarded as interlocutory or final, serves to indicate a very general understanding that a substantial right may be affected by an order before final judgment granting or refusing to dissolve an injunction. And we think it is generally the case that a substantial right is involved in the granting or refusing of that remedy, although applied for during the pendency of an action as temporary relief to preserve the alleged rights of a party until final hearing and judgment in the action. That condition exists in the case at bar, for it appears that the right of the plaintiff below to an injunction at all depends primarily upon the determination of the question whether the property, which the plaintiff below insists shall be kept upon the mortgaged premises, comes within the class known as fixtures, and, as a part of the realty, subject to the lien of plaintiff's mortgage; and that question, which is a mixed one of law and fact, was the principal if not indeed the sole question submitted upon the motion to dissolve. Hence the result of the order refusing to dissolve is to deny to

the defendant below the privileges of ownership of personal property, if the allegations and contention of the plaintiff should not be finally sustained.

It is true that a decision granting or refusing a temporary injunction *pendente lite,* or denying a motion to dissolve one previously granted, does not affect the final judgment in the cause, in the sense that it prevents a judgment for either party upon the merits at final hearing, and will not bind the court in its ultimate disposition of the cause. Nevertheless, the effect is to grant, continue or deny a remedy affecting a substantial right. It is of course a provisional remedy because collateral to a pending action and applied for before judgment; and the order either granting or refusing it, or, after it has been allowed, denying or granting a motion for its dissolution, is interlocutory in the main cause, and is not therefore an order which in effect determines the action and prevents a judgment, unless indeed it is so broad in its effect, or the circumstances are such that it practically disposes of the case itself. Generally, therefore, such an order is not to be regarded as one made in an action, which in effect determines the action and prevents a judgment, within the meaning of those words as employed in Section 4247 defining a final order. Although affecting a substantial right it would not, generally speaking, amount to a final order, as defined by that section of the statute, unless it can be held to be an order made in a special proceeding. We are led to inquire, therefore, into the meaning of the term "special proceeding" as used in the statute defining a final order.

The phrase "special proceeding" is not defined by our statute, nor does the Code of Civil Procedure contain a definition of "action." It declares that there shall be but one form of action to be called a "civil action," and the procedure for commencing such an action and carrying the same to a final conclusion is prescribed. But nowhere in the statute is there to be found a definition distinguishing an "action" from a "special proceeding." The Codes of Procedure of many of the States, on the contrary, define

both terms, and in such manner that any proceeding which
is not included within the definition of "action" is a "spe-
cial proceeding," and thus the two terms are distinguished,
and hence has arisen the general definition of a "special
proceeding" as a generic term for all proceedings in courts
of justice which are not ordinary actions. (1 Ency L. & P.
996.) And in New York, where there is such a statutory
definition, it is held that the statute divides remedies into
two classes, each having its peculiar characteristics, and
that where an action is the appropriate remedy, a special
proceeding is not included, unless by special provision of
law. So it was further held that when a prosecution is
commenced by action, the subsequent proceedings therein
are incidental to the action, and not independent or orig-
inal proceedings. (People v. Am. L. & T. Co., 150 N. Y.
117.)

In Montana it is held that the term "special proceeding"
has no reference to provisional remedies in actions at law
or in equity, but to such proceedings as may be commenced
independently of a pending action by petition, upon notice,
in order to obtain special relief. (State v. Court, &c.
(Mont.), 72 Pac. 613.) It is said in Minesota that "when
the law confers a right, and authorizes a special applica-
tion to a court to enforce it, the proceeding is special,
within the ordinary meaning of the term special proceed-
ing, and that it is a generic term for all civil remedies in
courts of justice which are not ordinary actions." (Schus-
ter v. Schuster, 84 Minn. 403.)

In Ohio, where attachment proceedings, and those for
the appointment of a receiver, and the granting or dissolu-
tion of a temporary injunction are all held to be special
proceedings within the meaning of the statute which de-
fines an appealable final order in the same language as
our own statute, the definition of the New York Code seems
to be adopted by the court with some modification. After
stating that the statue does not define either "action" or
"special proceeding," it is said: "But we suppose that
any ordinary proceedings in a court of justice, by which

a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, *involving the process and pleadings, and ending in a judgment,* is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding." (Missionary Society v. Ely, 56 O. St. 405.) And in a later case it is said that the term "special proceeding" is sometimes defined as a proceeding in a court which was not, under the common law and equity practice, either an action at law or a suit in chancery, and is used in Code States in contradistinction to "action." (Canfield v. Brobst, 71 O. St. 42.) There is no intimation in either of those cases that a special proceeding as thus defined would exclude the character of proceedings above mentioned, in the construction of the code provision defining a final order, or that it was intended to depart from the construction announced in the previous decisions of that court.

To critically construe the section under consideration, for the purpose of ascertaining what was meant to be embraced in the term "special proceeding," in the absence of a statutory definition, it will be well to examine the general structure and arrangement of the Code, and some of the provisions of its several divisions to discover, if possible, whether anything thereby shown discloses the legislative intent in the premises. The original act adopting the present Code of Civil Procedure was passed in 1886, and though divided into divisions and chapters, the contents thereof respectively were not indicated by head lines. The provisions in the divisions and chapters preceding "Division VI" were devoted to stating generally the form of action, the time and manner of commencing the same and the proceedings therein up to trial and judgment, and the enforcement of the judgment. The seventh division contained chapters concerning the amercement of officers, arbitration, partition, actions to quiet title and for the recovery of real property, replevin, remedies of sureties, suits to

enjoin the collection of taxes, contests of wills, mandamus, quo warranto, proceedings in error, and some other matters. In the Revised Statutes of 1887, and also in the Revised Statutes of 1899, the several divisions and chapters are maintained substantially according to the original arrangement, but each is given a heading or caption indicating its scope, and properly so as a convenient means of reference, and the caption selected for the division last above referred to is "special proceedings," the caption of original Division VI being "Provisional Remedies," which includes chapters relating to arrest of the person and attachment of property in civil actions, garnishment, injunction and receivers.

The fact that the chapters of one division are found in the Revised Statutes under the heading "Special Proceedings" is not to be taken as showing what was meant by "special proceeding" in the section defining a final order, for the reason not only that such title was not in the original act and is not a part of the act, but also for the reason that some of the proceedings provided for and regulated in that division are designated as civil actions, and others are referred to as actions. For example, an action in the nature of quo warranto is called a civil action, and proceedings to recover land or quiet title, to recover possession of specific personal property, and to enjoin the collection of taxes are referred to as actions. The term "special proceedings" adopted as a heading for the division clearly means in that connection no more than that certain actions or proceedings are therein specially regulated.

Injunction is regulated in a separate chapter in the division whose caption in the Revised Statutes is "Provisional Remedies." The first section of the chapter defines injunction as a command to refrain from a particular act, and provides that it may be the final judgment in an action, or may be allowed as a provisional remedy, and when so allowed it shall be by order. (Rev. Stat. 1899, Sec. 4038.) In subsequent sections it is provided that the injunction may be granted at the time of commencing the action, or

at any time afterward, before judgment; that if the court
or judge is of the opinion any party to the suit should
be heard before granting the same, a reasonable notice
may be required to be given of the time, place and pur-
pose of the application; and after answer it shall not be
granted except upon notice.   It is further provided (Sec.
4047) that no injunction shall be granted by a judge after
a motion therefor has been overruled by his court on the
merits of the application, and that when it has been re-
fused by the court in which the action is brought, or a
judge thereof, it shall not be granted to the same applicant
by a court of inferior jurisdiction, or any judge thereof.
The party enjoined may at any time before trial apply to
the court where the action is pending, or to a judge thereof,
to vacate or modify the injunction, and a hearing may there-
upon be had after notice, upon the petition and affidavits
on which the injunction was granted, or upon affidavits on
the part of the party enjoined; and when the latter fur-
nishes affidavits, the plaintiff may oppose the same by affi-
davits or other evidence.

In the absence of a provision in the statute plainly defin-
ing a "special proceeding," we are not bound by the statu-
tory definition in other States, nor are we permitted to ac-
cept such definition, in determining what is a final order
in such a proceeding, unless it should seem to be in accord
with the evident meaning of the term when referred to
in our statute.   In many instances the generally accepted
definition growing out, as above suggested, of statutes defin-
ing the term would seem to aptly describe the proceeding,
but as a comprehensive or exclusive definition in all cases
it is not as we conceive applicable to our statute.   As de-
fined in the New York Code, it is held in that State to
be so clearly distinguished from an action as not to em-
brace any proceeding auxiliary or collateral to a pending
action, but in Wisconsin there seems to have been some
difference of opinion respecting the application of the same
statutory definition.   In Ernst v. Brooklyn, 24 Wis. 616,
Mr. Chief Justice Dixon, speaking for the court, said:   "It

may not be easy in all cases to determine what is a special proceeding. But many proceedings will be readily recognized as such; as proceedings to attach for contempt, to obtain discovery of books, etc.; proceedings supplementary to execution, and many others. And others again will be as readily recognized not to be special; and among these, we think, are the necessary and ordinary steps or proceedings taken in an action to conduct it to a final hearing and judgment." And, again, in Witter v. Lyon, 34 Wis. 564, the same learned judge, in considering the question, says, referring to the opinion in Noonan v. Orton, 28 Wis. 386, that Mr. Justice Lyon seems to consider that there can be no special proceeding which grows out of, or is connected with, a pending action, and adds: "It appears otherwise to me." The case of Noonan v. Orton involved an order for the discovery of certain papers and documents, and, referring to the question in that case, Judge Dixon further says: "It was not an 'ordinary' but an 'extraordinary' proceeding in a court of justice, for the enforcement of a right, or the redress of a wrong, and so passed into a special proceeding, as named by the Legislature, and classified in the statute." The case thus quoted from involved the question of the appealability of an order for the attachment of injunction defendants as for contempt in violating a preliminary injunction.

In Nebraska, under a statute apparently similar to our statute, an order denying a motion to dissolve an injunction allowed pending an action as a provisional remedy is held not to be appealable. (Clark v. Fitch, 49 N. W. 374; Einspahr v. Smith, 64 N. W. 698.) But the same court has held that an order sustaining a motion to discharge an attachment is an order affecting a substantial right, made in a special proceeding. (Adams County Bank v. Morgan, 26 Neb. 148.) In the opinion in that case it was said: "A special proceeding may be said to include every special statutory remedy which is not in itself an action."

Although injunction allowed as a provisional remedy is collateral to the pending cause, it is nevertheless a "pro-

ceeding" in that cause, and after a hearing upon an application for such remedy, or on a motion to dissolve, the order which disposes of the application or motion, and grants or denies it, is final, so far as that particular proceeding is concerned, and settles the right to the provisional remedy, until at least another hearing upon a renewal of the application or motion. We are of the opinion that, though "interlocutory" in the cause, it is "final" in the proceeding. Unhampered by statutory definitions of the term, we think that a proceeding may be special, within the meaning of the statute governing appeals, although connected with a pending action, and there appears to us to be no good reason for denying to a provisional remedy, which may be disposed of by an order independent of the ultimate determination of the cause, the character of a "special proceeding" with respect to what constitutes a final order under the statute. The procuring of a temporary or preliminary injunction, upon or after commencement of an action, is not one of the ordinary steps or proceedings required to conduct the action to a final hearing and judgment. It may indeed be regarded as a necessary proceeding to aid or render effective the ultimate relief sought, but the progress of the action does not depend upon it, in the sense that without it no final hearing or determination can be had. We observe no substantial distinction in this respect between injunction as a provisional remedy and attachment, except in the degree in which they protect and preserve the alleged rights of a party.

Without further prolonging the discussion, we are satisfied that a reasonable construction of the statute does not require our departure from the principle announced and enforced in the previous decisions of this court above cited. The order complained of must be held to be subject to review on error, and the motion to dismiss will be denied.

BEARD, J., and SCOTT, J., concur.