## SCHMIDT v. FIRST NATIONAL BANK
### (No. 1131; Decided February 20, 1923; 212 Pac. 651)

APPEAL AND ERROR—ASSIGNMENTS OF ERROR—ERROR APPEARING ON
THE FACE OF THE RECORD—EXCEPTIONS PRESENTED BY BILL—MO-
TION FOR NEW TRIAL—BILL OF EXCEPTIONS—PLEADINGS—DENIAL
OF NEW TRIAL AND EXCEPTIONS—DISMISSAL.

1. Errors assigned for review must appear in the record with a showing of the matter presented to the lower court, the rulings thereon and the exceptions taken.

2. Proceedings in error in their relation to motions for new trials and bills of exceptions are of three classes: (1) Where neither a motion for a new trial nor a bill of exceptions is required; an example being rulings upon the insufficiency of pleadings; (2) Where a bill of exceptions, but not a motion for new trial is necessary; for example exceptions to rulings on motion to dissolve a temporary injunction or discharge an attachment, not being a part of the record proper must be preserved by bill; and (3) Where both a motion for a new trial and bill of exceptions are indispensable, the former to be embodied in the latter which includes all grounds properly assignable for a new trial under Supreme Court rule No. 13.

3. Errors assigned as to the insufficiency of evidence, the reception or exclusion of evidence, or the direction of a verdict, must first be presented to the lower court by motion for new trial.

4. A petition, alleging that defendant unlawfully permitted a co-defendant "to impose a pretended claim for possession to the said property upon a claim for a lien for pasture for caring for the said property, but that in truth and in fact the said co-defendant has no claim or lien prior to plaintiffs etc.," does not admit the lien, which is expressly denied in the reply.

5. An exception to a decision affecting the superiority of liens, made in a cause tried upon sufficient pleadings will not be reviewed, unless first presented below by motion for new trial.

6. Errors assigned in a motion for a new trial included in a bill of exceptions which is silent as to the ruling or disposition made of the motion or the exception taken thereto, is insufficient for purposes of a review of the errors so assigned.

7. An order overruling a motion for new trial and reserving plaintiff in error an exception, appearing among the original papers but not included in the bill of exceptions, presents nothing for review.

Error to the District Court, Weston County; Hon. James H. Burgess, Judge.

Action by First National Bank of Newcastle against Fred J. Schmidt and Carl Schmidt to foreclose certain mortgages. Heard on motion to dismiss the proceedings in error.

*Raymond* and *LaFleiche,* in support of the motion.

The pretended bill of exceptions was not filed with the clerk below until 81 days after entry of judgment; the motion for new trial was filed November 30, 1921 but was not presented nor passed upon until August 11, 1922; no extension of time was granted for filing a bill of exceptions, a pretended bill of exceptions was presented June 27th, 1921 and settled, but it contained a statement by the trial judge that the motion for a new trial was never presented to nor ruled upon by the court; the filing of a pretended bill of exceptions with the clerk on March 11, 1922 was not a presentation to the court or judge thereof and furthermore the filing was beyond the statutory limit. (Condradt v. Lepper, 13 Wyo. 99; Seibel v. Bath, 5 Wyo. 409; Burns v. Railroad, 14 Wyo. 498.); there is nothing before this court for review.

*T. E. Dunbar, Allen G. Fisher* and *Samuel L. O'Brien,* contra.

Motion for new trial was filed in time but not ruled upon owing to absence of the trial judge, until August 12, 1921. The transcript of testimony was not received by counsel for plaintiff in error until June 26, 1922. The transcript was submitted to counsel for defendant in error which he declined to accept on the ground that more than 60 days had elapsed since date of judgment and the transcript was thereupon submitted to the trial judge on August 7, 1922. A bill of exceptions is unnecessary to make a motion for new

trial a part of the record since the enactment of the direct appeal act (6401-6415, C. S. 1920.) The motion for new trial and the rulings thereon are made part of the record in any case by (6410 C. S.) The bill of exceptions was allowed within statutory time after making the final order; a bill of exceptions may be taken and considered as part of the record for some purposes although no motion for new trial was ever made (Ide v. Churchill, 140 O. S. 372; Randall v. Turner, 17 O. S. 262; Gueaga Iron Co. v. State, 19 O. S. 300.) A bill of exceptions is unnecessary to secure a review of the judgment and the pleadings. The direct appeal statute shows the recent thought of the people embodied in legislation, to-wit, the identification by the clerk and the seal of the court is sufficient without any writing by the trial judge except his signature to the original orders. The petition in error indicates and the brief of plaintiff attempts to discuss with law citations points not contained in the bill, that the petition by misjoiner attempts to plead. Under the Nebraska and Ohio practice which is similar to ours, the rule is adhered to, that a motion to dismiss may not be made nor other objection to the form of record on appeal after the time in which the rules compel appellant to serve brief on the merits, and which has been served upon appellee or defendant in error, it being insisted that fair dealing and timely objection at the earliest possible time when appellee could object will save cost of briefs and spare attorneys much labor.

Blume, Justice.

A motion has been filed by defendant in error, the First National Bank of Newcastle, to dismiss this case for the reason that there is nothing before the court for review. The action is one by said bank as plaintiff below, against Fred J. Schmidt and Carl Schmidt for the foreclosure of certain mortgages. The defendant Fred J. Schmidt, plaintiff in error herein, was made a party to the action for the alleged reason that he claims a pretended lien against the property involved. He appeared, setting up an agistor's lien. The

existence of the lien was denied in the reply.   Judgment in the case was rendered in the court below on November 21, 1921.   A motion for a new trial was filed November 30, 1921. This motion was not acted on until August 11, 1922, when it was overruled by the court and an exception given to plaintiff in error.   A bill of exceptions was signed and allowed by the trial judge on June 27, 1922.   It does not appear from the record when it was presented, but from the brief of plaintiff in error on the motion herein, it doubtless was sent to the trial judge on June 26, 1922, who received it on the following day.   The bill, however, does not appear to have ever been filed in the court below, either before or after the signing thereof.   A motion for a new trial is embodied in the bill, but the lower court recites in the latter that "the said motion for a new trial was never presented and has never been ruled upon by the District Court of Weston County or any judge thereof."   The question is, as to whether or not there are before us any points to be decided.

In order that errors assigned may be reviewed here, they must appear in the record, and for that purpose there must be shown the matter presented to the lower court, the ruling thereon and the exception taken.   Cases brought to this court are, in their relation to motions for a new trial and to a bill of exceptions, of three classes: (1) where neither a motion for a new trial nor a bill of exceptions is required; (2) where a bill of exceptions, but not a motion for a new trial, is necessary; (3) where both a motion for a new trial as well as a bill of exceptions are indispensable, the former to be embodied in the latter.   These will now be considered in more detail.

Where the error appears on the face of the record proper, it may be considered without a bill of exceptions or motion for a new trial; this is true, for example, in cases where the error assigned is that the petition does not state facts sufficient to constitute a cause of action.   That particular error is assigned in the case at bar as assignment of error No. 5,

but the point is not argued, and hence waived, and we have nothing before us to consider in connection therewith. Assignment of error No. 8 is that the District Court erred in overruling the motion of Fred J. Schmidt for judgment in his favor and against the bank notwithstanding the verdict. This, too, is mentioned in the motion for a new trial and the reasons assigned are that the pleadings do not give the court jurisdiction or right to enter the judgment it did. Without conceding that this point could be presented without a bill, this assignment of error is similar to No. 5 in that it is not argued and nothing pointed out upon which to rest. We have, however, independently examined the pleadings and do not find them insufficient to support the judgment.

The second class of cases above mentioned is that class where exceptions, not a part of the record, must be embodied in a bill, but need not be embodied in a motion for a new trial. Illustrations of this class are found in Anderson v. Englehart, 18 Wyo. 196, 105 Pac. 571, Ann. Cas. 1912 C, 894, to obtain a review of a motion to dissolve a temporary injunction, and in Bank v. Swan, 3 Wyo. 356, 23 Pac. 743, to review a motion to discharge an attachment. Exceptions in this class of cases must be reduced to writing and embodied in a bill which must be presented within 60 days after the judgment, decree or final order, unless the time is legally extended. (Sec. 5864, Wyo. C. S. 1920.) Hence if any exceptions taken in the case at bar come within this classification, the bill, not having been presented until June 27, 1922, more than eight months after the entry of the judgment, came too late. We do not, however, find any exceptions or rulings in the case at bar which come within this classification.

All other assignments of error, or exceptions, come within Rule 13 of this court, reading:

"Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new

trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions.   *   *   *.''

This rule has been uniformly applied in an unbroken line of authorities, many of which were reviewed in the case of Fitzpatrick v. Rogan, 28 Wyo. 231, 203 Pac. 245.

Assignment of error No. 3 is to the effect that the judgment is contrary to the evidence, and is not sustained by sufficient evidence; No. 6 alleges that the proof offered and admitted does not support the judgment; Nos. 9, 10 and 11 allege errors in the reception and exclusion of evidence. It needs no citation of authorities, that these facts must be embodied in a motion for a new trial. This, too, must be said of assignment of error No. 7, which complains that the court erred in sustaining the motion of the bank for a directed verdict. This was evidently based on the evidence. Assignment of error No. 2 is that the judgment is contrary to law; No. 4 that the court erred in holding in effect that the lien of plaintiff in error was inferior to that of the bank. Since the pleadings were sufficient, as we have heretofore said, it is apparent that these errors, if any, could not be reviewed without compliance with Rule 13 aforesaid. Counsel for plaintiff in error, it is true, state in their brief that the lien claimed is admitted both in the reply as well as the petition. These statements, in view of the allegations in the pleadings of the bank, are unjustified. The petition alleges:

''That the defendant, Carl R. Schmidt, has unlawfully and wilfully permitted the said defendant, Fred Schmidt, to impose a pretended claim for possession to the said property upon a claim for a lien for pasture and caring for the said property, but that in truth and in fact, the said Fred Schmidt has no claim upon the said property and no lien thereon which is in any manner prior to the lien of this plaintiff; that the said defendants   *   *   *   are unlawfully conspiring together for the purpose of defeating the plaintiff's said mortgages.''

In the reply, the lien of plaintiff in error is denied.  Considering the arguments on these two assignments of error as a whole, it seems that they are probably based on the insufficiency of the evidence, and they would, therefore, come within the class requiring compliance with Rule 13.  In any event an absolute misstatement of the effect of the pleadings cannot take the case out of the Rule, and should not, where that clearly appears, prevent us from acting on a motion to dismiss as the true facts may require.

The errors alleged as aforesaid were, it is true, all assigned in the motion for a new trial, which, in turn, is contained in the bill of exceptions.  But the bill does not state what was done with the motion, and hence, of course, the exception to the overruling of the same is not shown therein.  To show this exception in the bill is just as essential as to show the motion for a new trial itself.  It is true that we find among the original papers the order of the court of August 11, 1922, overruling a motion for a new trial in this case, and giving an exception to the plaintiff in error.  But that is not sufficient for the purpose of making it a part of the record.  This has been expressly ruled in Bank of Chadron v. Anderson, 7 Wyo. 441, 53 Pac. 280, and Freeburgh v. Lamoureux, 12 Wyo. 41, 73 Pac. 545.  In the latter case the facts as to the point in question are identical with those in the case at bar, and hence must govern here.  This, too, disposes of the first error assigned herein, that the court erred in overruling the motion for a new trial, no exception, as before stated, to the overruling of same appearing in the record.

There is, accordingly, nothing before us for review, and the motion to dismiss the proceeding in error herein should be and the same is hereby sustained.

POTTER, Ch. J., and KIMBALL, J., concur.