### RIVERTON STATE BANK v. RICHARDS*
(No. 1244; May 18, 1926; 246 Pac. 29.)

APPEAL AND ERROR—ASSIGNMENT OF ERROR—BILL OF EXCEPTIONS MUST INCLUDE MOTION FOR NEW TRIAL.

1. Assignment of error that there are other errors prejudicial to defendant, manifest upon face of record, *held* too general to present any questions for review in Supreme Court.

2. Errors predicated on admission or exclusion of evidence are not reviewable, unless raised on motion for new trial embodied in bill of exceptions.

3. Statement of court in certificate to bill of exceptions that defendant duly filed its motion for new trial, which is part of the record herein, did not make motion for new trial a part of the bill.

*See Headnotes—(1-3) 3 C J p. 978 n. 43 New; p. 1359 n. 52: 4 C J p. 95 n. 62 New; p. 240 n. 66 New.

ERROR to District Court, Fremont County; ROBERT R. ROSE, Judge.

Action by Emma A. Richards against the Riverton State Bank. There was a judgment for plaintiff and defendant brings error.

*F. Chatterton,* for plaintiff in error.

The first petition was for an injunction to restrain fore-closure of the mortgage and a restraining order was issued and thereafter dissolved; the petition was amended six days after the foreclosure sale was consummated; the amendment was a new action; Valensin v. Valensin, 14 Pac. 397; Walters v. Ottawa, 240 Ill. 259; Hester v. Mullen, (N. C.) 12 S. E. 447; 25 Cyc. 1308; the dissolution of the injunction ended the case as first brought, since no other relief than an injunction was sought; 22 Cyc. 971; Gallaher v. Moundsville, 34 W. Va. 730; the important question in the case is whether the bank had a right to take possession of the property and foreclose the mortgage; a prima facie defense is made by the production of the note and mortgage; the plaintiff is bound by her own witness; Ann. Cases 1912 B. 495; Ann. Cases 1913 A. 880; any memorandum of the parties written upon the note, including the same on the back, at the time of its execution, constitute a part of it; 42 L. R. A. 732; 13 A. L. R. 251; Joyce, 5th Ed. 343; the note and mortgage must be construed together; 103 U. S. 756; 201 Pac. 982; 27 Cyc. 1135; default in making installment payments or a feeling of insecurity authorize foreclosure; 101 A. S. R. 620; 46 Ia. 357; 23 L. R. A. 780; 28 Kan. 60; 212 Fed. 56; 54 O. S. 307; 201 Pac. 982; Jones Chat. Mtg. 5th Ed. 895; a mort-gagee may testify that he feels insecure and give his reasons; 54 O. S. 307; 59 Pac. 422; 46 Wis. 319; 42 O. S. 41; 22 Wis. 415; 150 Mass. 257; possession under a mortgage is not a conversion; 15 Kan. 376; 167 Mass. 24; a sale under an invalid chattel mortgage is not a conversion; 107 Mich. 401; 52 Minn. 232; the plaintiff had no cause of action; the court erred in admitting evidence of good will of the business; Story Partn. 99; 20 Cyc. 1275; 60 Pa. 161; there was no good will liability; the business was not a going concern; Mr. Riner former owner testified that the business was a failure; the mortgagor is liable for any

deficiency; 11 C. J. 716; 113 Ind. 98; 93 Mich. 143; the counter claim was properly at issue; counter claims are to avoid multiplicity of suits; 5660 C. S.; 20 O. S. 38; the court erred in ignoring the counter claim; the judgment is contrary to the evidence and is not sustained thereby.

*M. C. Burk,* for defendant in error.

The doctrine of res judicata applies only to questions litigated by the parties or their privies, in a former suit; 15 St. Enc. Proc. 492-498; and it must be a final judgment on the merits; 14 R. C. L. 306; the motion for new trial was not embraced in the bill of exceptions and is therefore not a part of the record; Chatterton v. Bonnelli, 196 Pac. 316; Seng v. State, 20 Wyo. 222, and cases cited; it is apparent that the notation upon the mortgage, providing for installment payments, was not placed thereon at the time of its execution; a mortgagee taking possession is chargeable with the value of the property at the time of the seizure; 5 R. C. L. 462; 5 St. Enc. Proc. 50-51; a note payable on or before a given date allows the maker to mature the note before maturity; De Clark v. Bell, 10 Wyo. 1; contracts are construed so as to give effect to all parts thereof and in case of apparent conflict, the construction which harmonizes the different parts is the correct one; Rockefeller v. Merritt, 76 Fed. 909; Leschen & Sons v. U. S. 173 Fed. 855; Ins. Co. v. Roost, (O. S.) 45 N. E. 1097; Studebaker Bros. v. Mau, 13 Wyo. 358; the body of the note governs when in conflict with notations on the margin; Williamsen v. Smith, 78 Am. Dec. 478; Fisk v. McNeil, 8 Am. St. Rep. 162; Union Bank v. Benson, L. R. A. 1918 C. 345; the judgment should be sustained.

*F. Chatterton,* in reply.

The motion for new trial is a part of the record and properly referred to in the bill of exceptions, signed by the judge in accordance with Section 6371, C. S.; the motion states the errors complained of as does also the peti-

tion in error; the objection is waived by the statement in the brief of defendant in error, which contains a discussion of errors contained in the motion; this certainly opens up the whole subject of the errors complained of, or at least enough of the errors to warrant a reversal; the judgment is the thing attacked; questions at issue on the hearing for dissolution of the injunction are res adjudicata; 22 Cyc. 987; 23 Cyc. 1223; 34 L. R. A. 340; questions placed in the issue were whether or not the provision for instalment payments was a part of the note; a mortgage foreclosure judgment is res adjudicàta; 23 Cyc. 1308-38; the dissolution of the injunction was a judgment that the bank had a right to foreclose; 15 R. C. L. 964; 23 Cyc. 1298.

BLUME, Justice.

This is an action brought by Emma A. Richards, plaintiff, against the Riverton State Bank, a banking corporation. Judgment was rendered for plaintiff for the sum of $744.67, from which judgment said bank has prosecuted proceedings in error herein.

The petition in error herein assigns as error that the trial court erred in overruling the motion of the bank for a new trial. The second, third, fourth and fifth errors assigned relate to the admission or exclusion of certain testimony. The last assignment of error is as follows: "And there are other errors prejudicial to this plaintiff in error, manifest upon the face of the record."

The last assignment of error is, of course, altogether too general to present any questions for review in this court. Nelson v. Cons. Elevator & M. Co., 32 Wyo. 181, 231 Pac. 397; C. B. & Q. Ry. Co. v. Morris, 16 Wyo. 308, 93 Pac. 664; Holdsworth v. Blyth & Fargo Co., 23 Wyo. 52, 146 Pac. 603; 3 C. J. 1359, note 52. Errors predicated upon admission or exclusion of evidence must be presented to the lower court by a motion for a new trial, in order to be available in a proceeding in error. Schmidt v. First Na-

tional Bank, 29 Wyo. 260, 212 Pac. 651. And in order that we may consider an assignment of error based thereon, or that we may review the action of the trial court in overruling the motion for a new trial, it is necessary, in a proceeding in error, that the motion for a new trial be embodied in the bill of exceptions. Such motion does not become a part of the record unless so embodied. This has been the law of this state at least since 1877, and has been consistently followed by this court ever since that time. Board of County Commissioners v. Hinton, 1 Wyo. 358; Schmidt v. First National Bank, supra; Chatterton v. Bonelli, 27 Wyo. 301, 315. But there is no motion for a new trial in the bill of exceptions herein. It is true that the court, in the final certificate to the bill, states:

"The defendant duly filed its motion for a new trial, which is part of the record herein, for the reasons and upon the grounds therein stated, and the court * * * overruled the same, to which the defendant excepted."

But this statement did not make the motion for a new trial a part of the bill. Concerning a similar statement in the bill, this court said in the case of Chatterton v. Bonelli, supra:

"This sufficiently shows the overruling of the motion and the exception to that ruling. But the motion is not embraced in the bill and it is not a part of the record unless incorporated in the bill. Seibel v. Bath, supra (5 Wyo. 409, 40 Pac. 756). That the reference to it as above is insufficient as a compliance with the rule and the decisions that the motion shall be embraced in the bill, is well settled and was explicitly so held in Seng v. State, supra (20 Wyo. 222, 122 Pac. 631)."

In the case last referred to, the court said:

"The bill does not contain a motion for a new trial. It recites that 'defendant filed a motion for a new trial, which was by the court overruled, to which the defendant at the time excepted.' That is the only statement in the bill with reference to a motion for a new trial. The motion for a new trial not being contained in the bill of exceptions, never became a part of the record, and no exceptions required to be presented to the court below by such motion are properly here for consideration."

The statement contained in the certificate of the judge, to the effect that the motion for a new trial "is part of the record herein," could not, of course, make that a fact. There is, accordingly, nothing before us to be considered, and the effect is the same as though no proceedings in error whatever had been taken. It may be unfortunate that the record before us is in that condition, but unless we are to overrule the law as it has stood in this state since at least 1877, there is nothing for us to do except to affirm the judgment herein. We might say, in explanation, that counsel appearing upon the brief filed herein for plaintiff in error, did not appear as counsel in the court below and did not file the petition in error in this case.

The judgment of the trial court must accordingly be affirmed and it is so ordered.

*Affirmed.*

Potter, C. J., and Kimball, J., concur.